UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-41022
_____

MARIAN HILL,

Plaintiff-Appellee,

versus

CITY OF SEVEN POINTS; ET AL.,

Defendants,

CITY OF SEVEN POINTS; TERESA DRUM, Individually and in
official capacity; ROGER ALLEN, Individually and in official
capacity; C. W. DANIEL, Individually and in official capacity;
RANDY WHITEHURST, Individually and in official capacity;
ANNIE LONGACRE, Individually and in official capacity;
TOMMIE TAYLOR, Individually and in official capacity; DON
ALLSUP, Individually and in official capacity; MARY REID,
Individually and in official capacity; MARIE DAVIS, Individually
and in official capacity; LYNN CLOWDUS, Individually and in
official capacity; FOREST EVERITT, Individually and in official
capacity; CLAUDETT ALLSUP, Individually and in official capacity;
GERALD TAYLOR, Individually and in official capacity,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Eastern District of Texas

_____
October 11, 2000
Before BARKSDALE and BENAVIDES, Circuit Judges, and VELA[*], District

Judge.

RHESA HAWKINS BARKSDALE, Circuit Judge:

_____

    [*]    District Judge of the Southern District of Texas, sitting
by designation.

This appeal is from a magistrate judge's denial of Appellants' summary judgment motion based on the defenses of absolute, qualified, and sovereign immunity. Pursuant to 28 U.S.C. § 636(c)(1), the parties consented to proceed to final judgment before the magistrate judge; however, the order of reference included in the consent form lacks the signature of the district judge. Because we are unsure whether, absent that signature, the magistrate judge had jurisdiction to render a final judgment, and, therefore, are unsure whether we have jurisdiction over this appeal, we **REMAND**.

The district court's order of reference, or special designation, pursuant to § 636(c)(1), is a jurisdictional concern. *See* ***Mendes Jr. Int'l Co. v. M/V Sokai Maru***, 978 F.2d 920, 924 (5th Cir. 1992) ("[A]bsence of the appropriate consent and reference (or special designation) order results in a lack of jurisdiction (or at least fundamental error that may be complained of for the first time on appeal)."); ***Parks v. Collins***, 761 F.2d 1101, 1105-06 (5th Cir. 1985) ("[F]atal to the magistrate's exercise of authority is the lack of any order of reference from the district judge."). None of the parties raised this jurisdictional issue on appeal. Of course, we "must examine the basis of [our] jurisdiction, on [our] own motion, if necessary". ***Mosley v. Cozby***, 813 F.2d 659, 660 (5th Cir. 1987).

"Upon the consent of the parties, a full-time magistrate [judge] ... may conduct any or all proceedings in a jury or nonjury

civil matter and order the entry of judgment in the case, when *specially designated* to exercise such jurisdiction by the district court or courts he serves." 28 U.S.C. § 636(c)(1) (emphasis added). Courts have *not* defined "specially designated". Instead, they most often have addressed the parties' *lack of consent* as ground for a denial of jurisdiction. *See, e.g.*, **United States v. Muhammad**, 165 F.3d 327, 329-31 (5th Cir.), *cert. denied*, 526 U.S. 1138 (1999); **General Trading, Inc. v. Yale Materials Handling Corp.**, 119 F.3d 1485, 1494-97 (11th Cir. 1997), *cert. denied*, 523 U.S. 1055 (1998); **Neals v. Norwood**, 59 F.3d 530, 532 (5th Cir. 1995).

Here, there is *no* special designation by the district court. Under the district court's local rule, once the consent form is signed "and filed, the clerk shall transmit it to the district judge to whom the case has been assigned *for approval* and referral of the case to a magistrate judge". E.D. TEX. R. app. B, Rule (3)(B)(3) (emphasis added). Although the parties signed the consent form, the "Order of Reference" portion of that form, which includes a signature line for the district judge, is *not* signed.

Since July 1998, and pursuant to the district court's General Order No. 98-10, it appears that matters have been referred and assigned directly to magistrate judges. Regarding civil actions, that order states:

> 1. *Prisoner suits* shall be referred at the time of filing equally among magistrate judges with concurrent civil case

> responsibilities except as specified. *Prisoner suits shall automatically be assigned* to the magistrate judge to whom the case originally was referred *when parties consent* to trial and entry of judgment by a magistrate judge.
>
> 2.  *All other civil matters* shall be referred or assigned randomly except as specified above or unless a specific order of the court directs otherwise.

E.D. TEX. GEN. ORDER NO. 98-10.II.A. (emphasis added).

At hand is a nonprisoner civil action. For prisoner actions, the general order apparently provides the requisite order of reference for the magistrate judge to enter a final judgment pursuant to § 636(c), in that the assignment is automatic upon the consent of the parties. But, for nonprisoner civil cases, such as the one before us, it is questionable whether the general order authorizes more than the initial order of reference for a magistrate judge to rule on matters pursuant to § 636(b)(1). Restated, it appears that more is needed to satisfy § 636(c)'s "special designation" requirement. *Compare* 28 U.S.C. § 636(b)(1) ("a judge may designate") *with id.* § 636(c)(1) ("when specially designated").

The above-noted lack of the district judge's signature on the order of reference emphasizes the possible need, for this action, for authorization in addition to the general order. If the general order made referrals in nonprisoner civil cases automatic, the consent form presumably would *not* specifically require an order of

reference from a district judge.  Yet, as stated, the consent form in issue has such a provision.

Of course, without the requisite § 636(c)(1) special designation, we lack jurisdiction over the appeal from the magistrate judge's summary judgment ruling.  *See* 28 U.S.C. § 636(b)(1) (requiring district court consideration of objections to magistrate judge's recommendation); ***EEOC v. West La. Health Servs., Inc.***, 959 F.2d 1277, 1282 (5th Cir. 1992) ("*[W]hen the judgment on a matter is entered by the district court, and not the magistrate*, failure to obtain the consent of the parties to the proceeding before the magistrate is only a procedural error, not a jurisdictional error." (emphasis in original)).

Because, in the light of the district judge's *not* signing the post-consent reference order, it appears we lack jurisdiction, this case is **REMANDED** for further proceedings.

*REMANDED*