IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-41021
_____


JIMMY SOL BOOKER


                              Plaintiff - Appellant

        v.

JAMES A COLLINS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION, Correctional Officer III at
Telford Unit; RICHARD SODERLING, Correctional Officer III at
Telford Unit; DWIGHT MACK, Correctional Officer III (Law
Library) at Telford Unit; SHAWN LOMAX, Correctional Officer
III at Telford Unit; SHARON GILBERT, Correctional Officer
III at Telford Unit; DEBRA PRAZAK, Correctional Officer III
at Telford Unit; TONY BURNS, Correctional Officer III at
Telford Unit; KEITH CLARK, Correctional Officer III at
Telford Unit; ROBERT OAKES, Correctional Officer III at
Telford Unit; RONALD STAFFORD, Lieutenant at Telford Unit;
REGINALD STANLEY, DR; LINDA GILDON; VIRGINIA BUCHANAN;
MICHAEL PARKER; PAULA HITCHCOCK; A ROBERTS; DAVID SWIEITH;
ROCHELLE MCKINNEY; JOHN DOE, Unknown person


                              Defendants - Appellees

_____

            Appeals from the United States District Court
                  for the Eastern District of Texas
                         USDC No. 97-CV-319
_____
                          April 5, 2001

Before KING, Chief Judge, and REAVLEY and JONES, Circuit Judges.

KING, Chief Judge:[*]

This case involves an excessive use of force claim brought by Plaintiff-Appellant Jimmy Sol Booker, who alleges that certain Defendants-Appellees treated him with excessive force, that other Defendants-Appellees failed to protect him from such force, and that still other Defendants-Appellees treated him with deliberate indifference to his serious medical needs. Plaintiff-Appellant appeals from the district court's grant of partial summary judgment in favor of those Defendants-Appellees who were sued for failure to protect and for deliberate indifference to Plaintiff-Appellant's medical needs. Plaintiff-Appellant also appeals from the district court's final judgment in favor of the remaining Defendants-Appellees on his claim of excessive use of force. For the following reasons, we AFFIRM.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff-Appellant Jimmy Sol Booker is an inmate who was, at all times relevant to this appeal, incarcerated with the Texas Department of Criminal Justice at the Telford Unit in New Boston, Texas (the "Telford Unit"). Proceeding pro se and in forma pauperis, Booker brought this 42 U.S.C. § 1983 action against certain officers and medical personnel at the Telford Unit

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(collectively referred to hereinafter as the "Defendants"), alleging violations of his constitutional right to be free from cruel and unusual punishment under the Eighth Amendment of the U.S. Constitution. Specifically, Booker claims that certain Defendants treated him with excessive force, that other Defendants failed to protect him from such force, and that still other Defendants treated him with deliberate indifference to his serious medical needs.

This suit arose from an altercation between Booker and Defendants James Collins, Richard Soderling, and Shawn Lomax, who are correctional officers at the Telford Unit. Booker contends that, on April 10, 1997, Collins, with the assistance of Lomax and Soderling, struck him in the face and "rammed his head into a desk" while his hands were handcuffed behind his back. Furthermore, Booker alleges that Defendants Dwight Mack, Sharon Gilbert, Debra Prazak, Tony Burns, Keith Clark, Robert Oakes, and Ronald Stafford, also correctional officers at the Telford Unit, "stood idly by" during the alleged assault. Booker contends that after the alleged assault, he was taken to the Telford Unit medical department and was subsequently denied proper medical care by Defendants Dr. Reginald Stanley, Linda Gildon, Virginia Buchanan, Michael Parker, Paula Hitchcock, A. Roberts, David Swieith, and Rochelle McKinney. Booker states that, as a result of the assault and denial of medical care, he sustained injuries to, _inter alia_, his back, neck, ribs, right eye, and right wrist.

3

On November 7, 1997, Booker brought this civil rights action against the Defendants.  On June 28, 1999, the case was referred to a magistrate judge, and on August 3, 1999, the magistrate judge held a management conference, wherein both parties consented to proceed before the magistrate judge.  On August 4, 1999, the magistrate judge issued a partial summary judgment in favor of all Defendants (except Collins, Soderling, and Lomax), concluding that Booker failed to adduce facts sufficient to demonstrate that those Defendants were "deliberately indifferent to [Booker's] medical care needs or his safety."  The magistrate judge determined that the remaining use of force claim against Collins, Soderling, and Lomax would proceed to a bench trial set for September 14, 1999.

After the bench trial, the magistrate judge issued his final judgment, finding that the force used by Collins, Soderling, and Lomax to restrain Booker was reasonable.

Booker timely appealed both the grant of partial summary judgment and the final judgment.

## II. ISSUES REGARDING PARTIAL SUMMARY JUDGMENT

Booker raises two issues regarding whether the magistrate judge's grant of partial summary judgment was appropriate. First, Booker contends that the district court did not specifically refer the case to the magistrate judge as is required under 28 U.S.C. § 636 (1993), and also that, at the time

4

the partial summary judgment was entered by the magistrate judge, Booker was the only party to have consented to the magistrate judge's jurisdiction. Second, Booker asserts that summary judgment was improper because he raised genuine issues of material fact on his claims of failure to intervene and deliberate indifference to his medical needs.

## A. The Magistrate Judge's Jurisdiction

For the first time on appeal, Booker contends that the case was not properly referred to the magistrate judge and that the Defendants failed to consent prior to the magistrate judge's grant of partial summary judgment. Even though these contentions are raised now for the first time, we must address them because they implicate the magistrate judge's jurisdiction. See United States v. Muhammad, 165 F.3d 327, 330 (5th Cir. 1999); Mendes Jr. Int'l Co. v. M/V SOKAI MARU, 978 F.2d 920, 924 (5th Cir. 1992) ("[A]bsence of the appropriate consent and reference (or special designation) order results in a lack of jurisdiction (or at least fundamental error that may be complained of for the first time on appeal).").

## 1. Effectiveness of Referral

As stated above, the district court referred the case to the magistrate judge on June 28, 1999. However, the referral order failed to expressly indicate that the district court was referring the case to the magistrate judge under 28 U.S.C.

5

§ 636(c).[1]  Instead, the order simply stated: "This action is referred to Robert W. Faulkner, Magistrate Judge in Sherman, Texas, for further proceedings pursuant to 28 U.S.C. § 636." Booker contends that the lack of a specific designation under § 636(c) at the time of the grant of partial summary judgment precluded the magistrate judge from exercising jurisdiction over the case.  We disagree.

---

[1]  Section 636(c) provides in relevant part:

Notwithstanding any provision of law to the contrary--
  (1) Upon the consent of the parties, a full-time United States magistrate or a part-time United States magistrate who serves as a full-time judicial officer may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves. . . .
  (2) If a magistrate is designated to exercise civil jurisdiction under paragraph (1) of this subsection, the clerk of court shall, at the time the action is filed, notify the parties of the availability of a magistrate to exercise such jurisdiction.  The decision of the parties shall be communicated to the clerk of court. . . . Rules of court for the reference of civil matters to magistrates shall include procedures to protect the voluntariness of the parties' consent.
  (3) Upon entry of judgment in any case referred under paragraph (1) of this subsection, an aggrieved party may appeal directly to the appropriate United States court of appeals from the judgment of the magistrate in the same manner as an appeal from any other judgment of a district court.  The consent of the parties allows a magistrate designated to exercise civil jurisdiction under paragraph (1) of this subsection to direct the entry of a judgment of the district court in accordance with the Federal Rules of Civil Procedure. . . .

28 U.S.C. § 636(c).

6

In civil matters, the district court must specifically indicate that it is referring a case to a magistrate judge pursuant to § 636(c).  See 28 U.S.C. § 636(c)(1) ("Upon the consent of the parties, a full-time United States magistrate . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves." (emphasis added)).  This is referred to as § 636(c)'s "special designation" requirement.  See Hill v. City of Seven Points, 230 F.3d 167, 168-69 (5th Cir. 2000).

Conceding that the district court may not have "specially designated" the case to the magistrate judge, we conclude that, in this case, such a designation was not required.  Pursuant to a general order of the U.S. District Court for the Eastern District of Texas, prisoner civil suits are automatically assigned to the magistrate judge when the parties consent to trial and entry of judgment by a magistrate judge.  See E.D. TEX. GEN. ORDER NO. 98-10.II.A (1998)[2]; see also Hill, 230 F.3d at 169.

---

[2]  General Order No. 98-10 provides:

1. Prisoner suits shall be referred at the time of filing equally among magistrate judges with concurrent civil case responsibilities except as specified.  Prisoner suits shall automatically be assigned to the magistrate judge to whom the case originally was referred when parties consent to trial and entry of judgment by a magistrate judge.
2. All other civil matters shall be referred or

In <u>Hill v. City of Seven Points</u>, a nonprisoner civil suit, this court observed that, in prisoner civil suits, "the general order apparently provides the requisite order of reference for the magistrate judge to enter a final judgment pursuant to § 636(c), in that the assignment is automatic upon the consent of the parties."  230 F.3d at 169.  Accordingly, we conclude that under General Order No. 98-10 and <u>Hill</u>, the general language in the magistrate judge's referral order in this prisoner civil suit became effective once the parties properly consented to trial and entry of judgment by the magistrate judge.  We must now determine whether the magistrate judge had jurisdiction to enter partial summary judgment several days before the Defendants filed a written consent to the exercise of that jurisdiction.

2.  <u>Effectiveness of the Defendants' Consent at the Management Conference</u>

At the August 3, 1999 management conference, only Booker signed a consent form to proceed in front of the magistrate judge.  The Defendants, on the other hand, did not sign a consent form until August 9, 1999, although they did consent on the record at the management conference.  Booker argues on appeal that the magistrate was without jurisdiction to enter partial

_____

assigned randomly except as specified above or unless a specific order of the court directs otherwise.

<u>Hill</u>, 230 F.3d at 168 (internal quotations omitted) (quoting E.D. Tex. Gen. Order No. 98-10.II.A (1998)).

summary judgment in favor of the Defendants on August 4, 1999, because the Defendants had yet to give their written consent to proceed before the magistrate judge.  Again, we disagree with Booker's argument.

This court has consistently held that "consent to proceed before a magistrate [must] be explicit."  Mendes Jr. Int'l Co. v. M/V SOKAI MARU, 978 F.2d 920, 922 (5th Cir. 1992) (internal quotations omitted) (alteration in original) (quoting Caprera v. Jacobs, 790 F.2d 442, 445 (5th Cir. 1986)); see also Parks v. Collins, 761 F.2d 1101, 1106 (5th Cir. 1995).  Therefore, we will not "infer this statutorily required consent from the conduct of the parties."  Mendes Jr. Int'l Co., 978 F.2d at 922 (internal quotations omitted) (quoting Caprera, 790 F.2d at 445).

We find that, in this case, the record indicates that the Defendants explicitly consented to proceed in front of a magistrate judge.  The minutes of the August 3, 1999 management conference reveal that "the parties consent to proceed before US Magistrate Judge" and that both parties "further consent to a bench trial."  In addition, the docket sheet similarly states, "[p]er law clerk," that both Booker and the Defendants "consented to proceed before US Magistrate Judge during hearing."  That Defendants' written consent did not come until six days later did not divest the magistrate judge of jurisdiction.

We conclude that because the Defendants' consent was explicit and indicated on the record at the August 3, 1999

9

management conference, the magistrate judge had jurisdiction to issue the partial summary judgment in favor of the Defendants. See Kofoed v. Int'l Bhd. of Elec. Workers, 237 F.3d 1001, 1004 (9th Cir. 2001) ("In the instant case, the parties did not file their written consent forms with the district court until after the magistrate judge entered judgment and the case was on appeal. However, the record reflects that the parties gave express oral consent to the magistrate judge's jurisdiction while they were before the magistrate judge and before he made a dispositive ruling.").

B. No Fact Issues Precluding Partial Summary Judgment

Next, Booker appears to allege that he created genuine issues of material fact on his claims of failure to intervene and deliberate indifference to his medical needs, sufficient to preclude summary judgment against him. After considering the summary judgment evidence offered by the Defendants, the magistrate judge found that the facts alleged by Booker did not demonstrate that any of the Defendants, with the exception of Collins, Soderling, and Lomax, "participated in the alleged force or were under a duty to intervene." Moreover, the magistrate judge concluded that Booker's medical records submitted by the Defendants showed that Booker "received constant medical care from the time of the alleged injuries to the time the summary judgment motion was submitted."

1. Standard of Review

10

We review a grant of summary judgment de novo, applying the same criteria employed by the district court in the first instance.  See Norman v. Apache Corp., 19 F.3d 1017, 1021 (5th Cir. 1994).  "Summary judgment is proper only 'if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'"  Turner v. Houma Mun. Fire & Police Civil Serv. Bd., 229 F.3d 478, 482 (5th Cir. 2000) (quoting FED. R. CIV. P. 56(c)); see also Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986).

"Courts of Appeals consider the evidence in the light most favorable to the nonmovant, yet the nonmovant may not rely on mere allegations in the pleadings; rather, the nonmovant must respond to the motion for summary judgment by setting forth particular facts indicating that there is a genuine issue for trial."  See Spivey v. Robertson, 197 F.3d 772, 774-75 (5th Cir. 1999) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986)), cert. denied, 120 S. Ct. 2659 (2000); see also Doe v. Dallas Indep. Sch. Dist., 220 F.3d 380, 383 (5th Cir. 2000) ("If the movant succeeds in making that showing, the nonmoving party must set forth specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings."), cert. denied, 121 S. Ct. 766 (2001).  After the nonmovant has been given an opportunity to

11

raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted. See FED. R. CIV. P. 56(c); Celotex Corp., 477 U.S. at 322.

2.   Propriety of Partial Summary Judgment

In an effort to support his assertion that a genuine issue of material fact exists, it appears that Booker is arguing that the magistrate judge erred in considering the Defendants' summary judgment evidence because the submitted documents were "unsworn and unauthenticated" and that "the burden never shifted to Appellant to go beyond the pleadings to show specific facts creating a genuine issue for trial." Aside from these alleged errors, Booker merely states that "there existed genuine issues of material facts precluding summary judgement [sic]."

First, we note that the summary judgment evidence was authenticated by properly sworn and notarized business record affidavits. In addition, contrary to Booker's assertion, he was given sufficient time to respond to the Defendants' motion for summary judgment and, in fact, did so by filing his own motion for summary judgment and declaratory judgment. His motion was replete with conclusory statements and allegations, however, as he was unable to point to any specific facts to demonstrate that the Defendants were not entitled to judgment as a matter of law on his claims of failure to intervene and deliberate indifference to his medical needs.

12

The summary judgment evidence contained "Major Use of Force Reports," which were completed immediately after the altercation on April 10, 1997. As the magistrate judge noted, these reports demonstrate that Booker was quickly taken down and restrained, and we agree with the magistrate judge that those Defendant observers "did not have time to get involved."[3]

Furthermore, we agree with the magistrate judge that summary judgment was appropriate for Booker's claim of deliberate indifference to his medical needs. "[I]nadequate medical care by a prison doctor can result in a constitutional violation for purposes of a § 1983 claim when that conduct amounts to deliberate indifference to [the prisoner's] serious medical needs, constitut[ing] the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999) (internal quotations omitted) (alterations in original) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)); see also Harris v. Hegmann, 198 F.3d 153, 159 (5th Cir. 1999). Under the "deliberate indifference" standard, a prison official is not liable for the denial of medical treatment "unless the official knows of and disregards an excessive risk to

_____

[3] The evidence also showed that before Booker was restrained, he became "belligerent" and pushed Collins in the chest. The magistrate judge found, however, that Booker did create a genuine factual issue regarding the altercation and, therefore, declined to grant summary judgment in favor of Collins, Soderling, and Lomax on this issue.

13

inmate health or safety." See Stewart, 174 F.3d at 534 (emphasis omitted) (citing Estelle, 429 U.S. at 104).

As the magistrate judge noted, the Defendants' summary judgment evidence showed that, after the time of the altercation, Booker received continuous medical care for his claimed injuries and pain. The fact that Booker disagrees with the medical personnel's conclusions regarding his injured state does not, in this case, create a genuine issue of fact as to whether members of the prison's medical personnel were deliberately indifferent to his medical needs. Instead, Booker makes only conclusory allegations to the effect that each member of the medical department who examined him made "false notations" in his records. Such "mere allegations" are insufficient to sustain Booker's burden at the summary judgment stage of the proceedings. See Spivey v. Robertson, 197 F.3d 772, 774-75 (5th Cir. 1999) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986)), cert. denied, 120 S. Ct. 2659 (2000).

Accordingly, we find that the magistrate judge did not err in granting summary judgment in favor of the Defendants on Booker's claims of failure to intervene and deliberate indifference to his medical needs.

### III. ISSUES REGARDING THE BENCH TRIAL

Booker also raises three issues concerning the bench trial before the magistrate judge. First, Booker claims that he was

14

"induced" into consenting to the magistrate judge conducting the bench trial. Second, Booker makes allegations concerning the magistrate judge's direction of the bench trial and the sufficiency of the evidence supporting the magistrate judge's final judgment. Finally, Booker contends that the district court failed to make a de novo review of the magistrate judge's findings of fact and conclusions of law after Booker objected.

### A. Voluntariness of Booker's Consent

Booker argues that the district court improperly induced him to consent to proceeding before the magistrate judge. Booker claims that he was informed at the management conference that no jury in that court had ever awarded damages to a plaintiff on his "type of claims." Moreover, he alleges that an unidentified "assistant" advised him at the conference that his signing the form would result in the district court, not the magistrate judge, conducting the trial.

The record contains the consent form that Booker signed on August 3, 1999. The title of that form, which is in bold letters and underlined, states: "CONSENT TO PROCEED BEFORE UNITED STATES MAGISTRATE JUDGE AND ORDER OF REFERENCE." In addition, just above Booker's signature is the language: "[T]he undersigned party . . . hereby voluntarily consent[s] to have United States Magistrate Judge Robert Faulkner conduct any and all further proceedings in this case, including trial, and order the entry of a final judgment" (emphasis added).

15

A party's consent to proceed to trial in front of a magistrate judge must be voluntary. See 28 U.S.C. § 636(c)(2) (providing that in informing the party of the availability of a magistrate judge's jurisdiction, the district court must "advise the parties that they are free to withhold consent without adverse substantive consequences"). Booker does not contend that the district court failed to inform him that he was free to withhold his consent. Accordingly, we conclude that his signature on the consent form makes clear that he was aware that a magistrate judge, and not the district court, would be presiding over the bench trial and that Booker's allegations do not support a claim of "inducement" on the part of the district court.

### B. Claims Concerning Conduct of the Bench Trial

Booker makes various allegations concerning the bench trial, including claims that the magistrate judge abused his discretion in allowing a "surprise" witness to testify, that the magistrate judge refused to admit into evidence "medical records . . . which evidenced injuries he had sustained and was treated for," and that the magistrate judge's findings and conclusions with respect to the bench trial were unsupported by the trial evidence.

An appellant who wishes to challenge findings or conclusions that are based on proceedings at a hearing or trial has the responsibility to provide the court with a transcript. See FED. R. APP. P. 10(b)(2); see also Alizadeh v. Safeway Stores, Inc.,

16

910 F.2d 234, 237 (5th Cir. 1990). This court will not consider the merits of an issue when the appellant does not satisfy this responsibility, and failure to provide a trial transcript is a proper ground for dismissal of an appeal. See Richardson v. Henry, 902 F.2d 414, 416 (5th Cir. 1990).

The circumstances in this case differ somewhat from those in Alizadeh v. Safeway Stores, Inc., 910 F.2d 234 (5th Cir. 1990). In Alizadeh, this court declined to consider the appellant's claims because she failed to furnish the court with a trial transcript. See id. at 237. In contrast to the facts in this case, the Alizadeh court noted that the appellant never moved for a transcript on the grounds of inability to pay. See id. In this case, Booker did ask the district court, and this court, to provide a trial transcript at the government's expense. His requests were denied.[4]

Even with this factual difference, the result is the same. An appellant's pro se and in forma pauperis status does not excuse the failure to provide a transcript for appellate review. Cf. Richardson, 902 F.3d at 416 (pro se and in forma pauperis appellant) (adopting the rule that "inability to bear the financial burden of providing a transcript does not make the transcript unavailable within the meaning of [Federal Rule of

---

[4] The district court concluded that the "appeal d[id] not present a substantial question," and this court determined that Booker raised "only conclusional claims." As such, both courts denied Booker's requests pursuant to 28 U.S.C. § 753(f).

17

Appellate Procedure] 10(c)"); Riley v. Collins, 828 F.2d 306, 307 (5th Cir. 1987) (pro se appellant). Booker has failed to provide this court with a transcript, leaving us unable to consider his claims concerning the merits of, or the magistrate judge's conduct during, the bench trial. Accordingly, based on our inability to review Booker's challenges to the bench trial without examining the transcript of the proceedings, we must dismiss Booker's claims on these issues.[5]

## C. District Court's Failure to Make a De Novo Determination

Finally, Booker asserts that because he objected to the magistrate judge's final judgment, the district court was required by 28 U.S.C. § 636(b) to make a "de novo determination of those portions of the . . . specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). As discussed above, the case was referred to the magistrate judge for trial pursuant to § 636(c). In contrast to § 636(b), § 636(c) contains no such de novo review requirement. Instead,

---

[5] Booker also contends that the magistrate judge failed to locate or summon witnesses that he had requested for trial. He concedes that the magistrate judge informed him that the court had been unable to locate several of his listed witnesses. Booker offers no argument or evidence to suggest that the magistrate judge's information was incorrect or suspect. Moreover, the authority that Booker cites in his brief concerns a case in which the district court refused to allow the plaintiff to conduct discovery and, instead, dismissed the plaintiff's claims as frivolous. In this case, Booker was allowed to conduct discovery and to call witnesses. Therefore, we find no merit in Booker's contention that the magistrate judge erred by being unable to locate all of Booker's witnesses.

it allows the magistrate judge to enter final judgment in the case and permits an aggrieved party to appeal directly from the magistrate judge's judgment to the court of appeals, which is what Booker is currently doing.  Accordingly, the district court did not err in failing to make a de novo review of the magistrate judge's final judgment.

## IV. CONCLUSION

For the foregoing reasons, the magistrate judge's grant of partial summary judgment and subsequent final judgment in favor of the Defendants is AFFIRMED.