# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 31, 2010

Lyle W. Cayce
Clerk

———————————

Nos. 09-51120 &
10-50327

———————————

DARRELL TRIPP,

> Plaintiff - Appellant

v.

GATEWAY FOUNDATION; WEBER, Director of Gateway Foundation,

> Defendants - Appellees

——————————————

Appeal from the United States District Court for the
Western District of Texas
USDC No. 1:09-CV-522

——————————————

Before CLEMENT, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

This court must examine the basis of its jurisdiction, on its own motion if necessary. *Hill v. City of Seven Points*, 230 F.3d 167, 169 (5th Cir. 2000). Pursuant to 28 U.S.C. § 2107(a) and Federal Rule of Appellate Procedure 4(a)(1)(A), the notice of appeal in a civil case must be filed within thirty days of entry of judgment. In this civil rights action filed by a state prisoner, the district court entered final judgment dismissing the complaint on November 4, 2009. Therefore, the final day for filing a timely notice of appeal was December 4,

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

09-51120 &
10-50327

2009.  The plaintiff filed a timely notice of appeal, but this court dismissed the appeal on March 22, 2010, for failure to pay the fees or move to appeal in forma pauperis (IFP). *Tripp v. Gateway Found.*, No. 09-51120 (5th Cir. Mar. 22, 2010). On April 1, 2010, the plaintiff filed a new notice of appeal, which was assigned number 10-50327.  Treating the document as a notice of appeal of the district court's judgment of December 7, 2009, it is plainly out of time.  The timeliness of a notice of appeal in a civil case is jurisdictional.  *Bowles v. Russell*, 551 U.S. 205, 212-13 (2007).  Accordingly, the appeal is dismissed.

However, based on the timing of the notice, it is possible that the plaintiff was attempting to have this court reconsider its March 22 dismissal.  Out of an abundance of caution and in the interest of justice, we treat the document as a motion to reconsider the dismissal of appeal number 09-51120.  Pursuant to our Internal Operating Procedure following 5th Circuit Rule 27, an appeal dismissed by the clerk ordinarily will not be reinstated unless the default has been remedied and the motion to reinstate is filed within forty-five days after dismissal.  Here, the plaintiff did not remedy the default (by preparing his IFP motion) until forty-nine days after his appeal was dismissed.  Moreover, his motion contains no explanation for his prior failure to pay the filing fee timely or make timely application for IFP status.  Accordingly, the motion to reconsider the denial of number 09-51120 is denied.

IT IS SO ORDERED.