# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 18, 2012

No. 11-30209
Summary Calendar

Lyle W. Cayce
Clerk

SEAN C. WALKER,

Plaintiff-Appellant

v.

JEFFREY TRAVIS, Warden, Rayburn Correctional Center; BESSIE CARTER, Director of Nursing at B.B. Sixty Rayburn Correctional Center; LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, Secretary,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:09-CV-4361

Before HIGGINBOTHAM, GARZA, and ELROD, Circuit Judges.

PER CURIAM:[*]

Sean C. Walker, Louisiana prisoner # 126912, appeals the dismissal of his 42 U.S.C. § 1983 complaint against numerous defendants, including the head of administration of B.B. Sixty Rayburn Correctional Center (the head of administration).  Walker asserted that the defendants were deliberately indifferent to his safety and to his medical needs after he was attacked and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

injured by his cellmate. The district court dismissed Walker's complaint as frivolous and/or for failure to state a claim upon which relief could be granted; however, the judgment failed to mention Walker's claims against the head of administration, although it specifically dismissed Walker's claims against the other defendants.

Under 28 U.S.C. § 1291, federal appellate courts have jurisdiction to hear appeals from "'final decisions'" of district courts. *Witherspoon v. White,* 111 F.3d 399, 401 (5th Cir. 1997). Generally, a judgment adjudicating the rights of fewer than all of the parties is not a final decision in the absence of a Federal Rule of Civil Procedure 54(b) certification directing entry of final judgment as to those parties. *Federal Sav. & Loan Ins. Corp. v. Tullos-Pierremont*, 894 F.2d 1469, 1471 (5th Cir. 1990). In circumstances in which a court order is ambiguous as to what parties and claims are being disposed of and "the district court clearly intend[ed] to effect a final dismissal of a claim, we will construe [the district court's] order accordingly, despite ambiguous language that might indicate otherwise." *Picco v. Global Marine Drilling Co.*, 900 F.2d 846, 849 n. 4 (5th Cir.1990).

The head of administration was served with Walker's complaint and amended complaint; thus, he was a party to the suit. *See Nagle v. Lee*, 807 F.2d 435, 440 (5th Cir. 1987). Although the district court's judgment was silent regarding Walker's claims against the head of administration, the court might have intended that the judgment be final in light of the fact that the district court also denied Walker's motion for leave to amend the complaint to substitute Robert C. Tanner as the head of administration because Walker had failed to state a claim against Tanner. *See Picco*, 900 F.2d at 849 n. 4. We conclude that we should order a limited remand to allow the district court to indicate whether the judgment of February 2, 2011, was intended to be the final judgment in this case, and if not, for the court to determine whether or not it now will enter a final judgment.

No. 11-30209

IT IS ORDERED that a limited remand occur for the district court to enter an order or judgment as indicated. Proceedings on this appeal are stayed pending the receipt of the district court's order or other response.