# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 3, 2014

Lyle W. Cayce
Clerk

No. 13-50755

KEVIN BIERWIRTH,

　　　　　　　　　　　　　　Plaintiff–Appellant,

v.

COUNTRYWIDE BANK, FSB; BANK OF AMERICA, N.A., as Successor by merger to BAC Home Loans Servicing, L.P., formerly known as Countrywide Home Loans; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INCORPORATED, (MERS); BARRETT DAFFIN FRAPPIER TURNER & ENGEL, L.L.P.; LUIS ROLDAN,

　　　　　　　　　　　　　　Defendants–Appellees.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:12-CV-833

Before OWEN, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:*

　　　Appellant Kevin Bierwirth moves this court to dismiss his appeal for lack of jurisdiction and to remand the case to the state court from which it was removed. He argues that the district court never possessed jurisdiction over the case.

---

　　　* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## No. 13-50755

However, we must "examine the basis of our jurisdiction, on our own motion, if necessary."[1]  Bierwirth's notice of appeal was filed on August 16, 2013, thirty-one days after the district court's entry of final judgment on July 16, 2013.  Federal Rule of Appellate Procedure 4 provides that a notice of appeal "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from."[2]  As the Supreme Court has made clear, a party's failure to take an appeal within the prescribed time precludes our jurisdiction.[3]  Accordingly, Bierwirth's appeal is DISMISSED.

---

[1] *Hill v. City of Seven Points*, 230 F.3d 167, 169 (5th Cir. 2000) (internal citations, quotation marks, and alterations omitted).

[2] FED. R. APP. P. 4(a)(1)(A).

[3] *Bowles v. Russell*, 551 U.S. 205, 209 (2007).