# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-30379
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 26, 2019

Lyle W. Cayce
Clerk

DAVID P. PAUL, J.D.,

      Plaintiff - Appellant

v.

JOHN V. WILLIAMS, Medical Doctor,

      Defendant - Appellee

Appeal from the United States District Court
for the Middle District of Louisiana
3:18-CV-646

Before KING, GRAVES, and WILLETT, Circuit Judges

PER CURIAM:*

Appellant David Paul filed a pro se tort action against Appellee Dr. John Williams seeking relief for intentional infliction of emotional distress ("IIED"). The magistrate judge dismissed Paul's claim with prejudice because his claim prescribed, there was no basis for extending the one-year prescriptive period, and his pleadings failed to include a claim upon which relief could be granted.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-30379

As an initial matter, we must examine the basis of jurisdiction, on our own motion if necessary. *Hill v. City of Seven Points*, 230 F.3d 167, 169 (5th Cir. 2000). Pursuant to 28 U.S.C. § 2107(a) and Federal Rule of Appellate Procedure 4(a)(1)(A), the notice of appeal in a civil case must be filed within thirty days of entry of judgment.  The district court entered the final judgment dismissing the complaint on April 9, 2019.  Therefore, the final day for filing a timely notice of appeal was May 9, 2019. The envelope which Paul used to FedEx overnight his notice of appeal indicates a shipping date of May 9, 2019, but the notice was stamped as received and filed in the Clerk's Office on May 10, 2019. When set by statute, the time limitation for filing a notice of appeal in a civil case is jurisdictional. *Hamer v. Neighborhood Hous. Servs. of Chi.,* 138 S.Ct. 13, 17 (2017); *Bowles v. Russell*, 551 U.S. 205, 214 (2007). Accordingly, the lack of a timely notice mandates dismissal of the appeal. *Robbins v. Maggio,* 750 F.2d 405, 408 (5th Cir. 1985).

Alternatively, we have reviewed the briefs, the applicable law, and the relevant portions of the record. The rulings of the district court are AFFIRMED for essentially the reasons explained in the district court's April 9, 2019 dismissal order.