# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 9, 2021

Lyle W. Cayce
Clerk

No. 19-10350

Nicolas Salomon,

*Plaintiff—Appellant*,

*versus*

Kroenke Sports & Entertainment, L.L.C.; Outdoor Channel Holdings, Incorporated,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CV-666

Before Jones, Smith, and Elrod, *Circuit Judges*.

Per Curiam:*

This court must examine the basis of its jurisdiction, on its own motion if necessary. *Hill v. City of Seven Points*, 230 F.3d 167, 169 (5th Cir. 2000). Under 28 U.S.C. § 1291, we are limited to reviewing "final decisions of the district courts." In suits against multiple defendants, a decision is not

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

final, and therefore not appealable, until "the district court has decided all claims against all parties." *Williams v. Seidenbach*, 958 F.3d 341, 346 (5th Cir. 2020) (*en banc*); *see also* Fed. R. Civ. P. 54(b) (absent an order to the contrary, "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties").

In this case, plaintiff Nicolas Salomon brought claims against Kroenke Sports & Entertainment, LLC ("Kroenke"), Outdoor Channel Holdings, Inc. ("Outdoor"), and Pacific Northern Capital, LLC ("Pacific"). The Clerk entered default against Pacific on November 6, 2017, but the district court did not enter a default judgment. Around that time, Salomon represented to the Court that he could not move for default judgment until "discovery has been had sufficient to develop evidence regarding the requisite damages at issue."

On February 27, 2019, the district court granted summary judgment in favor of defendants Kroenke and Outdoor. In the same order, the district court ordered that Salomon either dismiss his claims against Pacific with prejudice or, if non-frivolous given the district court's findings in that order, move for default judgment against Pacific within thirty days of February 27, 2019. Salomon initially moved for an extension to comply with the district court's order regarding his claims against Pacific, but the district court did not rule on the motion and Salomon did not comply. Thereafter, on March 29, 2019, Salomon filed this appeal.

We remand for the limited purpose of allowing the district court either to clarify whether the court intended to enter a final, appealable judgment with respect to Salomon's claims against Outdoor and Kroenke or to consider and otherwise address Salomon's claims against Pacific. *See, e.g.*, *Picco v. Glob. Marine Drilling Co.*, 900 F.2d 846, 849 n.4 (5th Cir. 1990); *see also*

No. 19-10350

*Walker v. Travis*, 478 F. App'x 864, 865 (5th Cir. 2012).  We hold this appeal in abeyance pending the receipt of the district court's order or other response.

APPEAL HELD IN ABEYANCE; LIMITED REMAND.