# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 9, 2024

Lyle W. Cayce
Clerk

———————

No. 23-20292

———————

J.A. Masters Investments; K.G. Investments,

*Plaintiffs—Appellants*,

*versus*

Eduardo Beltramini,

*Defendant—Appellee*.

———————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CV-4367

———————————————————

Before Haynes, Willett, and Oldham, *Circuit Judges*.

Per Curiam:

This appeal comes to us following a five-day jury trial. Plaintiffs J.A. Masters Investments and K.G. Investments raise a multitude of issues, all of which arise from state-law claims of fraud and breach of contract. The parties fully litigated the case on the jurisdictional premise, accepted by the capable district court, that the action was between "citizens of different States" under 28 U.S.C. § 1332(a)(1).

After the parties submitted their briefing in this court, however, it became apparent upon further review that the record failed to definitively

establish diversity jurisdiction. While the underlying pleadings mentioned the *residence* of each party, they did not specifically identify the *citizenship* of each party—a common yet unfortunate mistake when invoking a federal court's diversity jurisdiction. *See, e.g.*, *MidCap Media Fin., LLC v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019). As we have observed before, "an allegation of residency alone does not satisfy the requirement of an allegation of citizenship." *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984).

Acting upon our jurisdictional concern, we requested that the parties submit a joint letter addressing whether diversity jurisdiction existed in this case and, if not, what the property remedy should be. The parties submitted a joint letter, expectedly insisting that jurisdiction existed and citing various cases in support of their position. And, for good measure, the parties concluded their letter by purporting to "stipulate to any and all facts which would confirm that the parties have complete diversity of citizenship." *But see Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) ("[N]o action of the parties can confer subject-matter jurisdiction upon a federal court. Thus, the consent of the parties is irrelevant . . . .").

What the letter did not contain, however, were any citations to the record establishing the citizenship of each party. At most, the letter simply confirmed that the parties have repeatedly conflated residency with citizenship and have litigated this case on the understandable yet mistaken belief that allegations of the former were sufficient to establish subject-matter jurisdiction. *See Robertson v. Cease*, 97 U.S. 646, 648 (1878) ("Citizenship and residence, as often declared by this court, are not synonymous terms.").

Perhaps the failure to observe this technical—but important—distinction was inadvertent, and the parties can indeed show that they are citizens of different states and are completely diverse. Perhaps not. Given the

state of the record, and the clarification we sought but did not obtain, we think a remand is appropriate for the limited purpose of allowing the parties to supplement the record as necessary. *See* 28 U.S.C. § 1653; *see also Molett v. Penrod Drilling Co.*, 872 F.2d 1221, 1228 (5th Cir. 1989) ("Where, as here, jurisdiction is not clear from the record, but there is some reason to believe that jurisdiction exists, the Court may remand the case to the district court for amendment of the allegations and for the record to be supplemented."). Then, and only then, can we and the district court take proper cognizance of this dispute.

*    *    *

In what we presume to be an effort to make it abundantly clear that jurisdiction exists, the parties noted in their joint letter to us that they would seek confirmation from the district court that they were in fact diverse. To that end, they briefly returned to the district court on their own accord and filed a so-called "Motion to Clarify Citizenship," reiterating much of what they asserted in their joint letter before this court. The district court then "granted" the motion, finding that the parties were diverse. We take no position on that finding, but given our reservations thus far articulated about the record, along with the one-court-at-a-time rule, *see United States v. Willis*, 76 F.4th 467, 471–72 (5th Cir. 2023), we are unconvinced of its legal significance.

By the same token, we respectfully disagree with the dissenting opinion that the district court has already "settled the citizenship issue"[*] and

---

[*] We also disagree, of course, with the notion that granting a motion to supplement the record somehow implies that "we have already found the district court to have settled the citizenship issue." *Post*, at 5 (Haynes, J., dissenting). We do not couch significant jurisdictional rulings in such oblique ways, and even we if did, our order granting the motion would amount to nothing more than a "drive-by jurisdictional ruling" with no binding effect. *Steel Co. v. Citizens for a Better Envt.*, 523 U.S. 83, 91 (1998).

that, alternatively, our jurisdictional concern could be obviated by allowing the parties to simply amend their pleadings before this court. *Post*, at 5 (HAYNES, J., dissenting). When, as here, a case has been tried to final judgment, "mere allegations" of jurisdiction do not suffice. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). Instead, plaintiffs must demonstrate jurisdiction "by affidavit or other evidence specific facts" establishing jurisdiction, and "those facts (if controverted) must be supported adequately by the evidence adduced at trial." *Ibid.* (internal quotation marks and citation omitted). Thus, we cannot belatedly declare that jurisdiction exists on this incomplete record. Given the procedural posture of this case, we must instead hold the parties to their required evidentiary burden.

\* \* \*

The parties and the distinguished district court have undoubtedly poured much time and many resources into this case, and we can appreciate how our strict observance of a technical point of jurisdiction will likely not come as welcome news at this late stage in the litigation. But without full assurance that this case falls within the strictures of our limited jurisdiction, any resolution we would purport to provide would be a nonbinding advisory opinion at best and an *ultra vires* act at worst. We decline to risk transgressing our Article III power absent a sound basis in the record supporting the exercise of federal jurisdiction.

In the event the parties can, on remand, remedy the jurisdictional defect we have identified here, we stand ready to resolve their dispute on the merits. Accordingly, and with surpassing respect for the learned district court, we REMAND this case for further proceedings consistent with this opinion. This panel will retain jurisdiction pending any further appeal.

No. 23-20292

HAYNES, *Circuit Judge*, dissenting:

We raised this issue of diversity in this case by sending a letter requiring some information. I disagree with the discussion of the letter and the district court in the majority opinion because the effect of our letter was that the parties took the issue to the district court, filing a joint motion requesting a finding of diversity. The district court judge concluded that the evidence was sufficient to declare the citizenship of the parties (the amount in controversy is not part of the majority opinion's concern). The district court judge entered an order finding the citizenship of the Plaintiffs and counter-defendants to be California and the defendants and counter-plaintiffs to be Texas. Thereafter, the parties requested that we file the district court's order, and our court granted that request as follows: "IT IS ORDERED that the unopposed motion to supplement the record on appeal to include the July 10, 2024 district court order settling the citizenship of the parties is GRANTED."

Thus, we have already found the district court to have settled the citizenship issue, and I see no reason to remand. In my opinion, the jurisdiction is sufficiently demonstrated. The majority opinion sets out the notion that evidence was needed at trial, but its quote shows that it involves "if controverted." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (a case addressing standing). Here, the parties agree on the citizenship of the parties, so evidence at trial was not needed. Given that the district court has already addressed the diversity, but the majority is concerned, the majority could request that the parties amend in the appellate court pursuant to 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial *or appellate courts*." (emphasis added)). However, I am not seeking that. I think we should conclude diversity has been established. I respectfully disagree with ordering a remand requiring the district court to say it again.

No. 23-20292

Accordingly, I respectfully dissent from the majority opinion.