# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 31, 2024

Lyle W. Cayce
Clerk

————————

No. 24-60025

————————

Thomas Keathley,

*Plaintiff—Appellant*,

*versus*

Buddy Ayers Construction, Incorporated,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:21-CV-261

———————————————————————

Before Higginbotham, Stewart, and Haynes, *Circuit Judges*.
Per Curiam:[*]

In August 2021, Thomas Keathley was involved in a motor vehicle collision with David Fowler, a driver employed by Buddy Ayers Construction, Inc. ("BAC"). As a result, Keathley filed this personal injury

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

suit against BAC in federal district court pursuant to 28 U.S.C. § 1332(a)(1),[1] alleging claims of negligence and vicarious liability. BAC then moved for summary judgment on grounds of judicial estoppel because Keathley had failed to disclose his cause of action against BAC in his bankruptcy proceedings pending in the Eastern District of Arkansas. The district court granted BAC's summary judgment motion and dismissed Keathley's lawsuit. Keathley moved for reconsideration of the district court's judgment and the district court denied his motion. Keathley now appeals the district court's summary judgment in favor of BAC dismissing his lawsuit on grounds of judicial estoppel. He also appeals the district court's denial of his motion for reconsideration.

Before turning to the merits of this appeal, we first address the issue of whether the parties have affirmatively established the existence of diversity jurisdiction in this court. *See Hill v. City of Seven Points*, 230 F.3d 167, 169 (5th Cir. 2000) ("We must examine the basis of our jurisdiction, on our own motion, if necessary." (cleaned up)). Throughout the entirety of these proceedings, the parties have litigated their claims on the jurisdictional premise that Keathley's personal injury action against BAC was between "citizens of different States" under 28 U.S.C. § 1332(a)(1). After the parties submitted their briefing on appeal, however, we determined that diversity of citizenship was not entirely clear from the record. Consequently, we directed the parties to file supplemental letter briefs clarifying "which documents or pleadings in the record show diversity of citizenship between the parties to affirmatively establish the existence of diversity jurisdiction under

---

[1] 28 U.S.C. § 1332(a)(1) provides federal district courts with diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

28 U.S.C. § 1332 in this case." The parties then submitted supplemental letter briefs in support of their consistent positions that diversity of citizenship exists, pointing this court to various pleadings in the record that primarily provide statements regarding the various residences of the parties. According to the pleadings, Keathley is a resident of Arkansas, BAC is a corporation registered to do business in Mississippi, and Fowler, BAC's driver that was in the collision with Keathley, is a resident of Tennessee. Nonetheless, as this court has previously held and recently reemphasized, "an allegation of residency alone does not satisfy the requirement of an allegation of citizenship." *See J.A. Masters Invs. v. Beltramini*, 117 F.4th 321, 322 (5th Cir. 2024) (quoting *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984)).

For these reasons, we conclude, as we have in similar cases, that remand is appropriate for the limited purpose of allowing the parties to supplement the record as necessary so that the district court can make a finding regarding the parties' citizenship.[2] *See Beltramini*, 117 F.4th at 323 (citing 28 U.S.C. § 1653; *Molett v. Penrod Drilling Co.*, 872 F.2d 1221, 1228 (5th Cir. 1989) ("Where, as here, jurisdiction is not clear from the record, but there is some reason to believe that jurisdiction exists, the [c]ourt may remand the case to the district court for amendment of the allegations and for the record to be supplemented.")). On remand, if the parties can remedy the jurisdictional defect that we have identified here, we will resolve their dispute on the merits. *Id.* at 324.

---

[2] Under 28 U.S.C. § 1332(c)(1), a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." Accordingly, "allegations regarding the citizenship of a corporation must set out the principal place of business of the corporation as well as the state of its incorporation." *See Neeley v. Bankers Tr. Co. of Tex.*, 757 F.2d 621, 634 n.18 (5th Cir. 1985).

No. 24-60025

Accordingly, we REMAND this case for further proceedings consistent with this opinion and retain appellate jurisdiction pending any further appeal.