**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 98-30595

_____

Clarence Willard Spivey, Jr., doing business as Thrifty Instant Print;
Karon K. Spivey, doing business as Thrifty Instant Print,
Plaintiffs-Appellees,

v.

Rickey Robertson, individually and in his official capacity as a
police officer for the State of Louisiana; et al,
Defendants,

Charles F. Wagner; Thomas Yeager; Jerry Henderson,
Defendants-Appellants.

_____

Appeal from the United States District Court
for the Western District of Louisiana

_____

December 7, 1999

Before REYNALDO G. GARZA, JOLLY, and, DeMOSS, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:

I. Factual and Procedural Background

Mr. Spivey owns and operates Thrifty Instant Print, a photocopy business in Alexandria,

Louisiana. In his capacity as the operator of the print shop, he photocopied hundreds of driver's

licenses belonging to minors who subsequently altered their original licenses with the Spivey

photocopy so as to allow them to appear of legal age to purchase and consume alcohol or secure admission to night clubs that served alcoholic beverages.

As part of a crackdown on underage drinking and the use of fake IDs, the police visited the Spivey shop after concluding that he was the exclusive source of the photocopies. Spivey freely cooperated with police, even demonstrating his photocopier on a license. At this point in time, Spivey was not a criminal target.

After this visit, upon urging of their superiors, Officers Cook and Robertson visited the District Attorney's office to obtain advice on whether a person could be held liable for making copies of drivers' licenses that are then altered to make a minor appear to be of the legal drinking age. Following a review of the law, the Assistant District Attorneys told the officers with what crimes Spivey could be charged and instructed the officers to prepare for submission an affidavit of probable cause for an arrest warrant for Spivey using the term "counterfeited." Deposition testimony of Officer Robertson demonstrates that the Assistant District Attorneys suggested pursuing the source of the fake IDs, and that it was their suggestion to obtain an arrest warrant for Spivey, including supplying the legal basis for such an arrest. Officer Robertson typed up the warrant as suggested, the judge issued the arrest warrant, and charges were brought against Spivey.

State Police arrested Mr. Spivey, escorting him in handcuffs through the front door of his business into the arms of an alerted media. He was charged with five counts of injuring public records and one count of unlawful use of a license. Shortly thereafter, however, the District Attorney's office dropped all charges against him, the prosecuting district attorney stating that there was "not a shred" of evidence to support the charges. The Spiveys then filed suit in the

Ninth Judicial District Court, Parish of Rapides, against the officers. The suit was removed to the United States District Court for the Western District of Louisiana. Based on deposition testimony in that case, Spivey amended his complaint to include the Assistant District Attorneys on the ground that they "prepared an embellished and false affidavit for [the police officers] to type and prepare and to submit to the District Judge to obtain a warrant of arrest."

Subsequently, the defendants brought a 12(b)(6) motion, or in the alternative, a motion for summary judgment pursuant to Fed.R.Civ.P. 56, asserting their entitlement to absolute, or in the alternative, qualified immunity. The district court denied the motions. This appeal followed.

## II. Standard of Review

We accept a plaintiff's factual allegations as true when considering motions to dismiss under Fed.R.Civ.P. 12(b)(6). *Buckley v. Fitzsimmons*, 509 U.S. 259, 261, 113 S.Ct. 2606, 2609 (1993); *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). Unless such allegations show that the plaintiff has failed to state a claim upon which relief can be granted, this court will not grant a motion to dismiss under 12(b)(6). *Id*. This court will not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts, *St. Paul Ins. Co. of Bellaire, Texas v. AFIA Worldwide Ins. Co.*, 937 F.2d 274, 279 (5th Cir. 1991), *cert. denied*, 502 U.S. 1030 (1992), and will construe all factual allegations in the light most favorable to the plaintiffs, *Rubinstein v. Collins*, 20 F.3d 160, 166 (5th Cir. 1994).

We review *de novo* the denial of motions for summary judgment on the grounds of qualified or absolute immunity. *Hart v. O'Brian*, 127 F.3d 424, 437 (5th Cir. 1997). We will grant a motion for summary judgment under Fed.R.Civ.P. 56 only if the pleadings, answers to interrogatories, admissions and affidavits on file indicate no genuine issues as to any material fact.

Fed.R.Civ.P. 56. When the burden at trial rests on the nonmovant, the movant must merely

demonstrate an absence of evidentiary support in the record for the nonmovant's case. *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Courts of Appeals consider the evidence in the light most favorable to the nonmovant, yet

the nonmovant may not rely on mere allegations in the pleadings; rather, the nonmovant must

respond to the motion for summary judgment by setting forth particular facts indicating that there

is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). After

the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable

juror could find for the nonmovant, summary judgment will be granted. *Celotex Corp.*, 477 U.S.

at 322; Fed.R.Civ.P. 56(c).

### III. Analysis

We are presented in the instant case with an opportunity to clarify the effect of the

Supreme Court's opinion in *Kalina v. Fletcher*, 522 U.S. 118, 118 S.Ct. 502 (1997), on the Fifth

Circuit's decision in *Hart v. O'Brien* 127 F.3d 424. Both courts apply a functional approach to

absolute immunity. *See Hart*, 127 F.3d at 439 (holding that a prosecutor enjoys absolute

immunity when he acts as an advocate for the state, but does not enjoy such immunity for acts of

investigation or administration); *see also Kalina* 118 S.Ct. at 509 (emphasizing the functional

approach to determining absolute immunity, and explaining that absolute immunity protects the

prosecutor's role as an advocate[1]). The courts differ, however, as to their analysis of the

---

[1] The line between prosecutor as advocate and prosecutor as investigator, administrator, and/or complaining witness rests, in turn, in part on the policy interest in enabling [the prosecutor] to exercise independent judgment when 'deciding which suits to bring and in conducting them in court.'" *Id.* at 507 (quoting *Imbler v. Pachtman*, 424 U.S. 409 (1976)).

threshold timing of prosecutorial absolute immunity.

In *Hart*, this court held that the earliest time that absolute immunity may attach to a prosecutor's activities is when charges are filed.[2] Shortly after this court's opinion in *Hart*, the Supreme Court decided *Kalina*. In *Kalina*, the Supreme Court found that a prosecutor has absolute immunity when acting as an advocate in supplying legal advice to support an affidavit for an arrest warrant,[3] unless that prosecutor personally attests to the truth of the evidence presented to a judicial officer, or exercises judgment going to the truth or falsity of evidence.[4] *Hart* is in conflict with *Kalina*, because a prosecutor may select the facts to include in the certification prior

---

[2]  In *Hart*, the Affidavit of Probable Cause supporting the arrest warrant contained two factual errors supplied by the prosecutor. This court stated that, "until charges have been filed against an individual, a prosecutor is not absolutely immune for cooperating with law enforcement officers in obtaining a search warrant against that person based on false information." *Id.* at 439.

[3]  The Court concluded:

These cases make it quite clear that petitioner's activities in connection with the preparation and filing of two of the three charging documents -- the information and the motion for an arrest warrant -- are protected by absolute immunity. Indeed, except for her act in personally attesting to the truth of the averments in the certification, it seems quite clear that the preparation and filing of the third document in the package was part of the advocate's function as well. The critical question, however, is whether she was acting as a complaining witness rather than a lawyer when she executed the certification "[u]nder penalty of perjury."

*Id.* 118 S.Ct. at 508. Before coming to this conclusion, the Court noted that "her drafting of the certification, her determination that the evidence was sufficiently strong to justify a probable cause finding, her decision to file charges, and her presentation of the information and motion to the court" could appropriately be characterized as the work of an advocate. *Id.* "Each of the matters involved the exercise of the professional judgment; indeed, even the selection of the particular facts to include in the certification to provide the evidentiary support for the finding of probable cause required the exercise of the judgment of the advocate." *Id.*

[4]  The Court stated in reference to the immediately above-cited statement: "[T]hat judgment could not affect that truth or falsity of the factual statements themselves. Testifying about facts is the function of the witness, not of the lawyer." *Id.* at 510.

to when charges are filed. The starting point must be earlier than the formal onset of judicial proceedings, at least encompassing preparatory moments.

*Kalina* now governs when absolute immunity may apply, thus the district court erred in applying *Hart*'s chronological analysis to the facts of the instant case. *Hart* is no longer valid law regarding the threshold timing for absolute immunity. The district court, however, expressly applied *Kalina* to the facts, deciding that the Assistant District Attorneys were not entitled to absolute immunity because they had manufactured evidence for the police to place in an affidavit for probable cause. Therefore, under *Kalina* the Assistant District Attorneys were acting not as advocates but as complaining witnesses. Pursuant to *Kalina*, this would be a legally correct conclusion. We must disagree, however, with the district court's factual conclusion.

The district court's finding under *Kalina* that the Assistant District Attorneys in the instant case acted as complaining witnesses rather than as advocates turned entirely on the finding of manufactured evidence. However, the facts do not support a finding of manufactured evidence, but instead a reasonable inference that an individual repeatedly photocopying other persons' licenses for the same small set of individuals, and selling them laminating paper, might know of the ultimate use and thus be charged as a principal in falsifying public records. The Assistant District Attorneys point to deposition testimony of one of the officers involved that a limited set of individuals -- two or three people -- were purchasing all the photocopies, bringing in three or four licenses at a time, all belonging to minors and all not belonging to the purchaser, to be copied by Spivey, and that their photocopy purchase included laminating paper. This evidence either contradicts or undermines the district court's finding that the prosecutors "[told] the officers to include certain facts (which, we note, did not even exist in reality or even in the minds of the

Troopers) and swear to them . . ." and that "it was the ADA's who creatively 'filled in the gaps' in the evidence and decided a warrant could be gotten." Indeed, the district court stated, "[i]n doing so, the ADA's were not merely evaluating existing evidence and deciding what would best support an arrest warrant." On the basis of the above-stated facts, that conclusion is in error.

The prosecutors were not creating or manufacturing new facts for the police officers to include in an affidavit for an arrest warrant, but suggesting legal conclusions on the facts already given to them by the police. Under *Kalina*, a prosecutor acts as an advocate in supplying legal advice to support an affidavit for an arrest warrant and is entitled to absolute immunity as long as a prosecutor does not personally attest to the truth of the evidence presented to a judicial officer, or exercise judgment going to the truth or falsity of evidence. Because the prosecutors were acting as advocates in supplying legal advice based on facts provided by police officers to support an affidavit for an arrest warrant, the prosecutors in the instant case are absolutely immune.

In conclusion, we hold, in light of the Supreme Court's decision in *Kalina,* that the district court erred by ruling that absolute immunity does not attach until charges have been filed. The district court also erred in finding that the prosecutors acted as complaining witnesses rather than advocates. Thus, the Appellants are entitled to absolute immunity for their role in providing legal advice based on facts provided to them by police officers in preparation of an arrest warrant. Accordingly, we REVERSE AND RENDER, dismissing Spivey's suit on the grounds of absolute immunity.

The two pending motions that were carried with the case are hereby denied.