IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-31270
Summary Calendar

_____

TYRONNE M. WILLIAMS,

Plaintiff-Appellant,

versus

ORLEANS PARISH CRIMINAL SHERIFF OFFICE; ET AL.,

Defendants,

ORLEANS PARISH CRIMINAL SHERIFF OFFICE; CHARLES C. FOTI, JR.,
   Sheriff, Orleans Parish Prison; KENNETH DAIGLE, Deputy; STUN
TECH, INC.; DAMOND BARTLETT, Deputy,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 98-CV-543-F
--------------------
June 27, 2000

Before DAVIS, DUHÉ, and DeMOSS, Circuit Judges.

PER CURIAM:[1]

Tyronne M. Williams appeals the district court's grant of
summary judgment in favor of the Orleans Parish Criminal Sheriff's
Office, Sheriff Charles Foti, Deputy Kenneth Daigle, and Deputy
Damond Bartlett and the district court's grant of dismissal in
favor of Stun Tech, Inc.  Williams argues that genuine issues of
material fact precluded summary judgment in favor of Sheriff Foti

---

[1]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and the deputies. Williams also argues that he stated a claim against Stun Tech.

Williams does not brief the dismissal of the State of Louisiana. While Williams mentions the issues of the adequacy of his medical needs and the dismissal of the Orleans Parish Criminal Sheriff's Office, Williams does not provide any coherent arguments, citations to the record, or citations to authorities. These issues are inadequately briefed and deemed waived. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); Fed. R. App. P. 28(a)(9)(A).

Williams did not submit evidence that the deputies responded with deliberate indifference to the risk of a shock by the shock belt. See Olabisiomotosho v. City of Houston, 185 F.3d 521, 525-26 (5th Cir. 1999). Williams has not provided any summary judgment evidence that Sheriff Foti employed an unconstitutional policy. See Alton v. Texas A & M University, 168 F.3d 196, 200 (5th Cir. 1998). Accordingly, Williams failed to raise genuine issues of material fact with regard to those claims, and summary judgment was properly granted in favor of the defendants. See Olabisiomotosho, 185 F.3d at 525.

Williams failed to allege in both his second and proposed third amended complaints that Stun Tech was acting under color of state law or that it conspired with a state actor. See Olabisiomotosho, 185 F.3d at 525; Cinel v. Connick, 15 F.3d 1338, 1343 (5th Cir. 1994). Accordingly, Williams failed to state a claim against Stun Tech, and the motion to dismiss was properly

2

granted.  <u>See</u> <u>Spivey v. Robertson</u>, 197 F.3d 772, 774 (5th Cir. 1999), <u>petition for cert. filed</u>, 68 U.S.L.W. 3657 (U.S. Apr. 10, 2000)(No. 99-16).  In addition, the district court did not abuse its discretion in denying the motion to amend because it would have been futile.  <u>See</u> <u>Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of America Co.</u>, 195 F.3d 765, 771 (5th Cir. 1999).

AFFIRMED.