**TEXAS CABLE & TELECOM-MUNICATIONS ASSOCIA-TION, Plaintiff,**

**v.**

**Paul HUDSON, in his Official Capacity as Chairman of the Public Utility Commission of Texas; Julie Parsley, in her Official Capacity as Commissioner of the Public Utility Commission of Texas; and Barry Smitherman, in his Official Capacity as Commissioner of the Public Utility Commission of Texas, Defendants,**

**Texas Coalition of Cities for Utility Issues, Intervenor–Defendant,**

**GTE Southwest Inc. D/B/A Verison Southwest, Intervenor–Defendant,**

**Southwestern Bell Telephone, L.P. D/B/A SBC Texas, Intervenor–Defendant,**

**Grande Communications Network, Inc., Intervenor–Defendant.**

**No. A 05 CA 721 LY.**

United States District Court, W.D. Texas, Austin Division.

Sept. 28, 2006.

Henk Brands, Paul, Weiss, Rifkind, Wharton & Garrison, L.L.P., Washington, DC, R. James George, Jr., George & Brothers, LLP, Austin, TX, for Plaintiff.

Clarence A. West, Law Office of Clarence A. West, Max Renea Hicks, Law Offices of Max Renea Hicks, Mark A. Mayfield, Thomas P. Fredell, Clark, Thomas & Winters, Kent Hance, Terry Lane Scarborough, Tonia Lea Lucio, Hance Scarborough Wright Ginsberg & Brusilow, Andrew Kever, William M. Parrish, Jenkens & Gilchrist, Austin, TX, Andrew G. McBride, John E. Barry, Wiley Rein & Fielding LLP, Austin C. Schlick, Colin S. Stretch, Gregory G. Rapawy, Michael K. Kellogg, Kellogg, Huber, Hansen, Todd & Evans, PLLC, Washington, DC, Javier Aguilar, SBC Services, Inc., Paul K. Mancini, SBC Communications, San Antonio, TX, Kathleen M. Lavalle, Shannon M. Zmud, Jackson Walker L.L.P., Dallas, TX,

Richard E. Salisbury, Asst. Attorney General, General Litigation Division, Austin, TX, for Intervenor Defendants.

## ORDER

YEAKEL, District Judge.

Before the Court are Defendants' Motion to Dismiss filed November 10, 2005 (Doc. # 6); Motion of Intervenor–Defendant GTE Southwest Inc. d/b/a Verizon Southwest to Dismiss the Complaint for Failure to State a Claim upon which Relief Can Be Granted filed November 10, 2005 (Doc. # 12); SBC Texas's Motion to Dismiss filed November 10, 2005 (Doc. # 15); Grande Communications Networks, Inc.'s Motion to Dismiss filed November 14, 2005 (Doc. # 40); Motion by Texas Coalition of Cities for Utility Issues for Judgment on the Pleadings filed November 21, 2005 (Doc. # 44); Plaintiff's Brief in Opposition to Defendants' Motion to Dismiss filed January 17, 2006 (Doc. # 53); Grande Communications Networks, Inc.'s Reply Brief in Support of its Motion to Dismiss filed February 17, 2006 (Doc. # 63); TCCFUI's Reply to Cable Association's Response Opposing Dismissal filed February 17, 2006 (Doc. # 67); Reply in Further Support of State's Motion to Dismiss filed February 17, 2006 (Doc. # 68); Reply Memorandum in Further Support of the Motion of Intervenor–Defendant GTE Southwest Inc. d/b/a Verizon Southwest to Dismiss the Complaint for Failure to State a Claim upon which Relief Can Be Granted filed February 17, 2006 (Doc. # 69); and Reply of AT & T Texas in Support of its Motion to Dismiss filed February 17, 2006 (Doc. # 70).

Also before the Court are Plaintiff's Motion for Summary Judgment filed January 17, 2006 (Doc. # 52); TCCFUI's Response to Cable Association's Motion for Summary Judgment filed February 17, 2006 (Doc. # 66); Grande Communications Networks, Inc.'s Response in Opposition to TCTA's Motion for Summary Judgment filed February 24, 2006 (Doc. # 72); Defendants' Opposition to Plaintiff's Motion for Summary Judgment filed February 24, 2006 (Doc. # 74); Memorandum of Intervenor–Defendant GTE Southwest Inc. d/b/a Verizon Southwest in Opposition to Plaintiff's Motion for Summary Judgment filed February 24, 2006 (Doc. # 75); Opposition of AT & T Texas to Motion of TCTA for Summary Judgment filed February 24, 2006 (Doc. # 76); and Plaintiff's Reply Brief in Support of its Motion for Summary Judgment filed April 5, 2006 (Doc. # 82).

Following the filing of Plaintiff's summary-judgment motion, Grande Communications Networks, Inc. filed a Motion to Strike the Dale Lane Declaration as Summary Judgment Evidence filed February 24, 2006 (Doc. # 73). Plaintiff's Opposition to Grande's Motion to Strike was filed April 5, 2006 (Doc. # 83). Having considered the motion and response, the Court is of the opinion that the motion should be denied.

**IT IS THEREFORE ORDERED** that Grande Communications Networks, Inc.'s Motion to Strike the Dale Lane Declaration as Summary Judgment Evidence filed February 24, 2006 (Doc. # 73) is **DENIED**.

A hearing on the above-listed motions was held before the Court on May 22, 2006. At the conclusion of the hearing, the parties filed the following post-hearing letter briefs: TCCFUI's letter brief dated May 25, 2006, received by the Court on May 25, 2006; AT & T Texas's letter brief filed May 26, 2006 (Doc. # 86); Grande Communications Networks, Inc.'s letter brief filed May 31, 2006 (Doc. # 87); Intervenor–Defendant GTE Southwest Inc. d/b/a Verizon Southwest's letter brief filed

May 31, 2006 (Doc. # 88); State Defendants' letter brief filed June 2, 2006 (Doc. # 89); and Plaintiff's letter brief filed June 9, 2006 (Doc. # 90).

## I. Background

Plaintiff Texas Cable & Telecommunications Association ("TCTA"), a trade organization representing incumbent cable operators in Texas, filed this lawsuit challenging the "Act Relating to Furthering Competition in the Communications Industry," S.B. 5, 79th Leg., 2d Sess. (Texas 2005) (the "Act"), an act of the Texas Legislature that went into effect on September 7, 2005. The Act amends Subtitle C, Title 2, of the Texas Utilities Code by adding a new Chapter 66 entitled "State-Issued Cable and Video Franchise." *See* TEX. UTIL. CODE ANN. § 66.003(b),(c) (West Supp.2006). According to TCTA, the Act allows new entrants to obtain Texas Public Utility Commission ("PUC")-issued franchises and allows overbuilders to obtain PUC-issued franchises after renouncing their municipal franchises. At the same time, TCTA argues, the Act locks incumbent cable operators into existing municipal franchises. Even after incumbent cable operators become eligible for PUC-issued franchises, TCTA contends, the Act subjects them to more onerous franchising terms.

On September 8, 2005, the day after the Governor of the State of Texas signed the Act, TCTA filed this action against the Governor and each of the PUC Commissioners, alleging the following four counts: (1) Count I charged that the Act's disparate treatment of, on the one hand, new entrants and overbuilders, and, on the other hand, incumbent cable operators, lacks any appropriate justification and therefore violates applicable protections under the First Amendment, the Due Process Clause, and the Equal Protection Clause of the United States Constitution; (2) Count II charged that the same disparate treatment conflicts with Title VI of the Federal Communications Act and is therefore preempted in violation of the Supremacy Clause of the United States Constitution; (3) Count III charged that Section 66.004(b), which renders incumbents ineligible for a state-issued franchise, is preempted as conflicting with Section 621(a)(1) of the Federal Communications Act, 47 U.S.C. § 541(a)(1) in violation of the Supremacy Clause of the United States Constitution; and (4) Count IV charged that, insofar as the Act prohibits the PUC from imposing anti-redlining assurances, it is preempted by Section 621(a)(3) of the Federal Communications Act, 47 U.S.C. § 541(a)(3) in violation of the Supremacy Clause of the United States Constitution.

Four parties subsequently intervened as Defendants: (1) Grande Communications Networks, Inc.; (2) GTE Southwest Inc. d/b/a Verizon Southwest; (3) Southwestern Bell Telephone, L.P., d/b/a SBC Texas ("SBC Texas"); and (4) the Coalition of Cities for Utility Issues ("TCCFUI"). Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, each Defendant and Intervenor–Defendant filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. The only exception was TCCFUI, which, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, filed a motion for judgment on the pleadings. In that motion, TCCFUI notes that the standard for considering its motion is identical to that of Defendants' motions to dismiss. Plaintiff TCTA also filed a motion for summary judgment. The Court will address the motions to dismiss first.

## II. Analysis

In ruling on a motion to dismiss for failure to state a claim, the Court must test the formal sufficiency of the statement

of the claim for relief. *See Doe v. Hillsboro ISD,* 81 F.3d 1395, 1401–02 (5th Cir. 1996). All well-pleaded facts must be accepted as true and viewed in the light most favorable to the plaintiff. *Spivey v. Robertson,* 197 F.3d 772, 774 (5th Cir.1999); *Hillsboro ISD,* 81 F.3d at 1401–02 (citing *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir.1995)). A Rule 12(b)(6) motion to dismiss should be granted when the complaint lacks a cognizable legal theory or fails to set forth facts sufficient to support a legal theory. 5A Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure: Civil 2d* § 1357 at 340 (1990 & Supp.2003 at 361). The issue is not whether a plaintiff will ultimately prevail but whether it is entitled to offer evidence to support its claims. *Hillsboro ISD,* 81 F.3d at 1401. The Court should dismiss for failure to state a claim only if the court can determine to a certainty that the plaintiff cannot prove any set of facts that would allow relief under the allegations in the complaint. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). In determining whether a claimant has pleaded sufficient facts, only specific facts, not mere conclusory allegations or unwarranted deductions, are accepted as true and are considered. *See Tuchman v. DSC Commc'ns Corp.,* 14 F.3d 1061, 1067 (5th Cir.1994).

■ In its motion to dismiss, SBC Texas argues that TCTA's claims cannot be considered by the Court until TCTA can present a specific controversy for judicial resolution. *See United States v. Raines,* 362 U.S. 17, 21, 80 S.Ct. 519, 4 L.Ed.2d 524 (1960). A facial challenge to a legislative act is the most difficult challenge to mount successfully because the challenger must establish that no set of circumstances exists under which the act would be valid. *See United States v. Salerno,* 481 U.S. 739, 745, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987). The fact that an act might operate unconstitutionally under some conceivable set of circumstances is insufficient to render it wholly invalid. *See id.* In the instant cause, TCTA's evidence falls short of establishing that the Act will inflict inevitable or even probable harm on its member cable operators at this time.

■ In reviewing a preemption-based facial challenge, the Court does "not rest [its] decision on consequences that, while possible, are by no means predictable." *Department of Taxation & Finance of N.Y. v. Milhelm Attea & Bros., Inc.,* 512 U.S. 61, 69, 114 S.Ct. 2028, 129 L.Ed.2d 52 (1994). The very foundation of the power of the federal courts to declare statutes unconstitutional lies in the power and duty of those courts to decide cases and controversies properly before them. *See United States v. Raines,* 362 U.S. 17, 20, 80 S.Ct. 519, 4 L.Ed.2d 524 (1960). Thus, this Court has no jurisdiction to pronounce any statute unconstitutional, except as it is called upon to adjudge the legal rights of litigants in actual controversies. *See id.* at 21, 80 S.Ct. 519. In the exercise of that jurisdiction, the Court is bound by two rules: (1) not to anticipate a question of constitutional law in advance of the necessity of deciding it, and (2) not to formulate a rule of constitutional law broader than is required by the precise facts to which it is to be applied. *See id.* Most significant is the incontrovertible proposition that it "would indeed be undesirable for this Court to consider every conceivable situation which might possibly arise in the application of complex and comprehensive legislation." *Barrows v. Jackson,* 346 U.S. 249, 256, 73 S.Ct. 1031, 97 L.Ed. 1586 (1953). Nor would the Court be ready to frustrate the expressed will of a state legislature. *See id.* at 256–57, 73 S.Ct. 1031 (citing *Southern Pacific Co. v. Gallagher,* 306 U.S. 167, 172, 59 S.Ct. 389, 83 L.Ed.

586 (1939)). The delicate power of pronouncing an act unconstitutional is not to be exercised with reference to hypothetical cases or possible scenarios. *See Raines,* 362 U.S. at 22, 80 S.Ct. 519. The application of this rule frees the Court not only from unnecessary pronouncement on constitutional issues, but also from premature interpretations of statutes in areas where their constitutional application might be cloudy. *See id.*

TCTA's concessions before the Court at the May 22, 2006 hearing that it is too soon to tell what economic impact the Act will have and to what extent there is disparate treatment of incumbent cable providers are fatal to its constitutional challenges under the First Amendment, Due Process and Equal Protection Clauses, and the Supremacy Clause of the United States Constitution in all four counts in its complaint. In other words, TCTA cannot identify any concrete cognizable harm suffered by any of its members, having stated only that it is "too early to tell" the economic impact of the Act. Until TCTA can establish the Act's harmful impact on its incumbent cable providers, TCTA's claims are not ripe for the Court's consideration. Therefore, the Court shall dismiss all TCTA's claims as premature.

### III. Conclusion

The Court **ORDERS** that SBC Texas's Motion to Dismiss filed November 10, 2005 (Doc. # 15) is **GRANTED** as to all Defendants and Intervenor–Defendants. Plaintiff Texas Cable & Telecommunications Association's claims against Defendants Rick Perry, Paul Hudson, Julie Parsley, and Barry Smitherman and Intervenor–Defendants GTE Southwest Inc. d/b/a Verizon Southwest, Southwestern Bell Telephone, L.P. d/b/a SBC Texas, Grande Communications Networks, Inc., and the Texas Coalition of Cities for Utility Issues are **DISMISSED WITHOUT PREJUDICE.**

Having granted Intervenor–Defendant GTE Southwest Inc. d/b/a Verizon Southwest's motion to dismiss as to all Defendants and Intervenor–Defendants in this cause, the Court **FURTHER ORDERS** the following motions **DISMISSED**: Defendants' Motion to Dismiss filed November 10, 2005 (Doc. # 6); the Motion of Intervenor–Defendant GTE Southwest Inc. d/b/a Verizon Southwest to Dismiss the Complaint for Failure to State a Claim upon which Relief Can Be Granted filed November 10, 2005 (Doc. # 12); Grande Communications Networks, Inc.'s Motion to Dismiss filed November 14, 2005 (Doc. # 40); and Motion by Texas Coalition of Cities for Utility Issues for Judgment on the Pleadings filed November 21, 2005 (Doc. # 44).

In light of the Court's dismissal of all claims without prejudice, the Court **FURTHER ORDERS** that Plaintiff's Motion for Summary Judgment filed January 17, 2006 (Doc. # 52) is **DISMISSED.**

The Court **FINALLY ORDERS** that all further relief not expressly granted is **DENIED.**