# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 1, 2020

Lyle W. Cayce
Clerk

No. 20-10480

Sue Richter,

*Plaintiff—Appellant*,

*versus*

Carnival Corporation; Roger Frizzell,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No 3:18-CV-2172

Before Davis, Stewart, and Dennis, *Circuit Judges*.

Per Curiam:*

Sue Richter sued Carnival Corporation ("Carnival") alleging that Carnival unlawfully utilized Richter's reality television concept *SeaGals* (the "Concept") to create its own reality television show, *Vacation Creation*. Richter asserted claims for breach of contract, quantum meruit, fraud, and breach of confidence or misappropriation of confidential information based

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-10480

on Carnival's alleged theft and use of her "proprietary Concept and trade secrets relating to its production." The district court granted Carnival's motion for dismissal under Fed. R. Civ. P. 12(b)(6), finding that Richter had failed to state a plausible breach of contract claim and that her state law fraud and quantum meruit claims were preempted by the Texas Uniform Trade Secret Act ("TUTSA"). On appeal Richter asserts that the district court erred in determining that no implied contract had been formed between Carnival and herself and in finding her state law claims preempted. Finding no error, we AFFIRM.

I.

This court reviews a district court's dismissal for failure to state a claim upon which relief can be granted *de novo*. *See Leffall v. Dallas Independent School Dist.*, 28 F.3d 521, 524 (5th Cir.1994). To survive a 12(b)(6) motion, the plaintiff's complaint must assert "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The facts asserted must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Limiting its review to the face of the pleadings, this court accepts as true all well-pleaded facts and views them in the light most favorable to the plaintiff. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Nevertheless, the plaintiff must provide more than "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). The factual bases for the plaintiff's complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555.

2

No. 20-10480

## II.

Even viewing the facts in the light most favorable to Richter, we find no error in the district court's holding that Richter failed to plausibly plead the formation of an implied contract between the parties. Richter alleges that a contract arose between Carnival and herself stemming from oral "discussions suggesting she expected payment in the form of an industry standard salary, retention of the title Creative Director, and Show Host for Concept" and terms provided in an email from Carnival. She contends that the existence of an implied contract is evidenced by the July 2014 e-mail. This e-mail, which is addressed not to Richter but to an individual named "Alex"[1] states that Carnival was "onboard with the reality show," that "Carnival Corp. w[ould] provide cabins aboard [thei]r ships, the contest, contestants, and shore excursions associated with our fleet," and that "[o]ther details w[ould] be outlined in a formal contract." We agree that this e-mail allows a plausible inference that the parties engaged in preliminary negotiations as to the terms of a potential contract, but, without more, does not allow the court to reasonably infer that the parties mutually intended to be bound.

To plausibly allege the existence of a valid contract, a complaint must assert facts that, if proven, demonstrate that there was "(1) an offer, (2) an acceptance, (3) a meeting of the minds, (4) each party's consent to the terms, and (5) execution and delivery of the contract with the intent that it be mutual and binding." *DeClaire v. G & B McIntosh Fam. Ltd. P'ship*, 260 S.W.3d 34, 44 (Tex. App. 2008). While an express contract normally contains specific terms, an implied contract is formed when the parties' acts and conduct

---

[1] Richter asserts in her brief that she was blind copied in on this-e-mail but does not provide evidence of this.

create an inference of mutual intention to enter into and be bound by contract. *Haws & Garrett Gen. Contractors, Inc. v. Gorbett Bros. Welding Co.*, 480 S.W.2d 607, 609 (Tex. 1972). Even assuming *arguendo* that Richter was the intended recipient of the proffered e-mail, it does not alone establish assent by both parties to be bound in contract. While Richter alleged that the parties also engaged in oral discussions, the actions of the parties objectively indicate that neither party believed themselves to be bound in contract by this email in July 2014. In November 2015, over a year after Richter claims that an implied contract had been formed, the parties exchanged a letter of intent. The letter stated that it was to be construed as securing a "preliminary understanding" between the parties and to serve as "a preliminary basis for negotiating a written agreement that will contain additional material terms, conditions and provisions not yet agreed upon by the parties." The letter explicitly stated that it did not constitute a binding contract. We agree with the district court that this renders implausible any inference that the prior 2014 e-mail was intended by the parties to represent assent to be bound by contract, and that as such Richter failed to plausibly plead that an implicit contract existed upon which she can base any claim for breach of contract related to Carnival's ultimate decision to produce a substantially dissimilar[2] reality television show without Richter.[3]

## III.

Richter also argues that the district court erred in holding that her quantum meruit, fraud, and misappropriation claims were preempted by

---

[2] As the District Court noted, there appears to be little in common between Richter's concept for *SeaGals* and Carnival's ultimate production *Vacation Creation* apart from that they are both reality television shows which take place on cruise ships.

[3] Richter also asserts that the district court erred by "requiring all terms of the contract be disclosed." However, the district court discussed the unsettled terms of the alleged contract only in its analysis of whether Richter and Carnival had entered into an

TUTSA.  TUTSA preempts "conflicting tort, restitutionary and other law of this state providing civil remedies for the misappropriation of a trade secret." TEX. CIV. PRAC. & REM. CODE § 134A.007(a).[4]  Although Richter contends here that her pleading sought damages not for misappropriation of a trade secret but "for the value of the goods and services she provided to Carnival that were used to create *Vacation Creation*," Richter fails to identify any goods and services she provided to and were used by Carnival that did not involve the alleged misappropriation of her television show concept.  In her complaint, Richer repeatedly referred to the concept for *SeaGals* as a "trade secret" in alleging that Carnival had misappropriated the Concept in its creation of *Vacation Creation*.  Although Richter asserts in her appeal to this court that the *SeaGals* concept "is likely not a trade secret," she raises the argument here for the first time.  This court does not consider arguments on appeal that were not raised below. *See Stanley Educational Methods, Inc. v. Becker C.P.A. Review Course, Inc.*, 539 F.2d 393, 394 (5th Cir. 1976). As such, we assume without deciding that the Concept was a trade secret and find no error in the district court's determination that these claims are preempted under TUTSA.[5]

IV.

For these reasons, the judgment of the district court is AFFIRMED.

---

*express* contract, finding that "Richter's pleadings and attached emails d[id] not establish that either party assented to express, binding terms."  Richter does not challenge on appeal the district court's finding that no express contract existed between the parties.

[4] In other words, all claims under Texas state law for misuse of trade secrets must be brought under TUTSA.

[5] Because Richter does not challenge the District Court's finding that she failed to state a claim under TUTSA, we do not review that issue.  *See United States v. Martinez*, 263 F.3d 436, 438 (5th Cir. 2001) ("[A] defendant waives an issue if he fails to adequately brief it.")