# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 9, 2022

Lyle W. Cayce
Clerk

No. 20-50602

STEVEN WALKER,

*Plaintiff—Appellant*,

*versus*

CHIEF BRENT STROMAN, IN HIS INDIVIDUAL CAPACITY;
DETECTIVE MANUEL CHAVEZ, IN HIS INDIVIDUAL CAPACITY;
SHERIFF PARNELL MCNAMARA, IN HIS INDIVIDUAL CAPACITY;
ABELINO "ABEL" REYNA, DISTRICT ATTORNEY OF MCLENNAN
COUNTY, IN HIS INDIVIDUAL CAPACITY; JOHN DOE, EMPLOYEE
OF THE TEXAS DEPARTMENT OF PUBLIC SAFETY; JOHN DOE,
M.D., EMPLOYEE OR POSSIBLE CONTRACTOR FOR MCLENNAN
COUNTY SHERIFF'S OFFICE,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:17-CV-372

Before Jones, Stewart, and Duncan, *Circuit Judges*.

Per Curiam:*

Steven Walker filed this civil rights lawsuit against various law enforcement officers, asserting claims for Fourth Amendment false arrest, among others. The district court dismissed Walker's claims. For the reasons that follow, we AFFIRM in part and REVERSE in part, and we REMAND for further proceedings consistent with this opinion.

## I. Facts & Procedural History

This case is one of many arising out of the infamous Twin Peaks shootout, a gruesome event that occurred on May 17, 2015, in Waco, Texas. The shootout resulted from a conflict between two warring motorcycle clubs, the Bandidos and the Cossacks, attending a motorcycle rally at the Twin Peaks restaurant. Gunfire erupted, and when the dust settled, nine people were dead and many others were injured. In response to the melee, police officers conducted a mass arrest of the motorcyclists who attended the rally. Of the 177 arrests made, none led to convictions.[1]

The mass arrest led to the mass filing of civil rights lawsuits challenging those arrests. This court has had several occasions to consider those cases on appeal, starting with *Terwilliger v. Reyna*, 4 F.4th 270 (5th Cir. 2021). More recently, this court resolved a related set of appeals concerning the Twin Peaks shootout in *Wilson v. Stroman*, 33 F.4th 202 (5th Cir. 2022), and *Redding v. Swanton*, No. 20-50769, 2022 WL 1283931 (5th Cir. Apr. 29, 2022) (unpublished).

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

[1] For additional background on the Twin Peaks shootout, see *Terwilliger v. Reyna*, 4 F.4th 270, 277–79 (5th Cir. 2021).

No. 20-50602

Like Walker, the plaintiffs in those cases were all motorcyclists who attended the rally at Twin Peaks and who "were eventually arrested following the shootout for Engaging in Organized Criminal Activity ('EIOCA'), in violation of Texas Penal Code § 71.02." *Wilson*, 33 F.4th at 205. Also like Walker, they were all arrested pursuant to a boilerplate warrant affidavit, subsequently issued by a magistrate judge, that "was identical in every respect" save for the individual arrestees' names. *Id.* The *Terwilliger* plaintiffs were never indicted for EIOCA following their arrests. *See id.* Neither was Walker. In contrast, the *Wilson* and *Redding* plaintiffs were subsequently indicted. *Id.*; *Redding*, 2022 WL 1283931, at *1. All these plaintiffs, including Walker, eventually filed "individual § 1983 actions asserting similar false arrest claims, which are premised on alleged defects in the form affidavit used to secure the arrest warrants." *Wilson*, 33 F.4th at 205.

Walker specifically pleaded claims pursuant to 42 U.S.C. § 1983 for Fourth Amendment false arrest, substantive due process violations under the Fourteenth Amendment, conspiracy, and municipal liability. He named several city and county officials as defendants. The city officials were Brent Stroman, the Waco Police Department's Chief of Police, and Manuel Chavez, a Waco police officer. The county officials were Sheriff Parnell McNamara, District Attorney Abelino "Abel" Reyna, and two John Doe defendants. The defendants moved to dismiss, asserting qualified immunity. Reyna additionally asserted absolute prosecutorial immunity. The district court granted the defendants' motions to dismiss and entered final judgment. Walker timely appealed.

## II. Standard of Review

"We review a district court's ruling on a motion to dismiss de novo, accepting all well-pleaded facts as true and viewing those facts in the light

3

most favorable to the plaintiffs." *Dyer v. Houston*, 964 F.3d 374, 379 (5th Cir. 2020) (quoting *Anderson v. Valdez*, 845 F.3d 580, 589 (5th Cir. 2016)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

When a motion to dismiss asserts qualified immunity, "[t]he crucial question is 'whether the complaint pleads facts that, if true, would permit the inference that Defendants are liable under § 1983 . . . and would overcome their qualified immunity defense.'" *Terwilliger*, 4 F.4th at 280 (quoting *Hinojosa v. Livingston*, 807 F.3d 657, 664 (5th Cir. 2015)). The plaintiff bears the burden of showing that qualified immunity is inappropriate. *Id.* "To discharge this burden, plaintiffs must successfully allege that the defendants 'violated a statutory or constitutional right, and . . . that the right was "clearly established" at the time of the challenged conduct.'" *Id.* at 284 (quoting *Morgan v. Swanson*, 659 F.3d 359, 370 (5th Cir. 2011)).

## III. Discussion

On appeal, Walker only presses his claims for Fourth Amendment false arrest against Chavez and Reyna; he concedes that the district court properly dismissed his other claims. His Fourth Amendment claim closely tracks the claims brought in *Terwilliger*. There, as here, the plaintiffs took "aim at the form warrant affidavit," alleging "that defects in that affidavit led to them being arrested without particularized probable cause." *Wilson*, 33 F.4th at 206 (citing *Terwilliger*, 4 F.4th at 279). They, like Walker, alleged two distinct types of Fourth Amendment false arrest claims: (1) that the "affidavit facially failed to establish probable cause" under *Malley v. Briggs*,

475 U.S. 335 (1986); and (2) that "intentional or reckless false statements in the affidavit resulted in a warrant lacking probable cause" under *Franks v. Delaware*, 438 U.S. 154 (1978). *Terwilliger*, 4 F.4th at 279.

Walker complains that although he pleaded the same claims against the same defendants as the *Terwilliger* plaintiffs, their claims survived dismissal whereas his did not. Specifically, the district court in *Terwilliger* declined to dismiss the plaintiffs' *Franks* claim. 4 F.4th at 279. This court affirmed that part of the district court's judgment, agreeing that the plaintiffs "state[d] a plausible *Franks* claim against" Chavez and Reyna. *Id.* at 285. Walker asserts that because his Fourth Amendment claim is materially identical to the *Terwilliger* plaintiffs' claim, the district court erred in reaching a different result here. The defendants respond that, unlike the *Terwilliger* plaintiffs, Walker alleged only conclusory allegations that are insufficient to state a claim or overcome qualified immunity. Separately, Reyna reasserts prosecutorial immunity. He also says that Walker lacks standing to pursue a Fourth Amendment claim against him and that Walker waived the Fourth Amendment claim. We address these arguments below.

## *A. Standing*

We start with Reyna's standing argument. This court has subject-matter jurisdiction only over "Cases" and "Controversies." U.S. Const. art. III, § 2. This requires that a plaintiff have standing, meaning that the plaintiff must establish "(1) that he or she suffered an injury in fact that is concrete, particularized, and actual or imminent, (2) that the injury was caused by the defendant, and (3) that the injury would likely be redressed by the requested judicial relief." *Thole v. U.S. Bank N.A.*, ____ U.S. _____, 140 S. Ct. 1615, 1618 (2020). In other words, the plaintiff must show "personal injury fairly traceable to the defendant's allegedly unlawful conduct and

likely to be redressed by the requested relief." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006).

Reyna argues that Walker lacks standing to pursue a Fourth Amendment claim against him because he did not cause Walker's alleged injury. For support, he exclusively relies on *Daves v. Dallas County*, 22 F.4th 522 (5th Cir. 2022) (en banc), which considered the promulgation of bail schedules in Texas.. The plaintiffs in *Daves* were indigent pretrial detainees while the relevant defendants were state district, county, and magistrate judges. *Id.* at 529. Allegedly, the defendants unconstitutionally imposed secured money bail on the plaintiffs without providing "procedural safeguards or substantive findings that" money bail was necessary. *Id.* at 528. The en banc court held that the plaintiffs lacked standing to sue the district and county judges because they did not cause the plaintiffs' injuries. *Id.* at 543–44. It emphasized that although the district and county judges promulgated the bail schedules, they did not make them binding on the magistrate judges who applied them. *Id.* at 543. Accordingly, the magistrate judges retained discretion in applying the bail schedules, meaning that the plaintiffs could only trace their injuries to the magistrate judges. *Id.* at 543–44.

Reyna contends that he is similarly situated to the district and county judges who promulgated the bail schedules in *Daves*. He acknowledges that he "provided criteria for law enforcement personnel to apply to determine whether probable cause existed." But he argues that he did not cause Walker's arrest, which he frames as an unpredictable misapplication of the criteria he provided by independent, third-party law enforcement officers. Walker's allegations thwart this argument. Reyna allegedly told officers that probable cause existed to arrest all individuals who were present at Twin Peaks and wearing gear reflecting support for the Bandidos or Cossacks. He did so despite knowing that these criteria were overinclusive. As explained

below, this court has already determined that similar "allegations are sufficient to tie him to potential *Franks* liability." *Terwilliger*, 4 F.4th at 284. Walker thus has standing to sue Reyna notwithstanding *Daves*.[2]

## B. Waiver

Next, we dispense with Reyna's argument that Walker waived his *Franks*-based Fourth Amendment claim by failing to sufficiently brief it below. Reyna contends, as he did before the district court, that Walker did not respond to his argument that Walker inadequately pleaded a *Franks* claim. The district court seemingly agreed, observing that Walker "did not even try to defend his allegation[s] [regarding the *Franks* claim] in his response to Defendants' motion to dismiss." Accordingly, Reyna argues that Walker did not preserve his *Franks* claim. For his part, Walker contends that the district court erroneously dismissed his *Franks* claim because it concluded that he failed to adequately respond to the motion to dismiss.

As an initial matter, the district court did not dismiss Walker's *Franks* claim based on waiver. To be sure, the district court found Walker's briefing on the issue to be wanting. But the district court dismissed his *Franks* claim because it concluded that his "[c]omplaint only pleads conclusions," not because he waived the claim. Walker's argument otherwise is speculative at best. Moreover, even if the district court had dismissed this claim on waiver grounds, that would not preclude this court from reviewing the sufficiency of Walker's complaint. Even where a party "ha[s] not briefed [an] issue at all, Rule 12 does not by its terms require an opposition; failure to oppose a

---

[2] What is more, this court decided *Wilson*, 33 F.4th 202, and *Redding*, 2022 WL 1283931, several months after it decided *Daves*. Reyna was a named defendant in both cases, but neither considered the possibility that the plaintiffs lacked standing to sue him. Although we must independently confirm our jurisdiction, the failure of *Wilson* and *Redding* to address *Daves* underscores that the case has little relevance here.

No. 20-50602

12(b)(6) motion is not in itself grounds for granting" a motion to dismiss. *Servicios Azucareros de Venez., C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 806 (5th Cir. 2012). Instead, "a court assesses the legal sufficiency of the complaint." *Id.* (citing Fed. R. Civ. P. 12(b)(6)). A district court thus abuses its discretion when it dismisses a complaint "as a penalty for [a plaintiff's] perceived failure to properly brief its opposition to" a motion to dismiss. *Id.* Accordingly, Walker's admittedly terse response to Reyna's motion to dismiss did not waive his *Franks* claim.[3]

### C. Merits

We now turn to the merits of this appeal. Walker argues that the district court's dismissal of his *Franks* claim contradicts this court's analysis in *Terwilliger*, where plaintiffs pleaded essentially the same claim against the same defendants. Comparing his allegations "point-by-point" against those deemed sufficient in *Terwilliger*, Walker insists that he sufficiently pleaded a

---

[3] Similarly, we disagree with Reyna's assertion that Walker has improperly raised arguments for the first time on appeal. The arguments in question concern *Terwilliger*, 4 F.4th 270, which this court decided a year after the district court dismissed Walker's complaint and Walker appealed. Because Walker's arguments were unavailable before this court decided *Terwilliger*, he has not waived them. Nor did Walker broadly waive all other arguments supporting his *Franks* claim, as Reyna suggests. Although Walker did not vigorously defend this claim below, the issue was certainly "raised to such a degree that the trial court may rule on it," as the district court did here. *HSBC Bank USA, N.A. v. Crum*, 907 F.3d 199, 207 (5th Cir. 2018) (quotation omitted). Walker therefore preserved this issue.

*Franks* claim. The defendants counter that Walker's allegations are conclusory and that they are entitled to qualified immunity.[4]

"Liability under *Franks* can arise from either material misstatements or material omissions in warrant affidavits." *Terwilliger*, 4 F.4th at 281. *Franks* is as an exception to the independent intermediary doctrine. *Wilson*, 33 F.4th at 208 (collecting cases). That doctrine provides that "if facts supporting an arrest are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation for false arrest, insulating the initiating party." *McLin v. Ard*, 866 F.3d 682, 689 (5th Cir. 2017) (quoting *Deville v. Marcantel*, 567 F.3d 156, 170 (5th Cir. 2009)).

But "the initiating party may be liable for false arrest if the plaintiff shows that 'the deliberations of that intermediary were in some way *tainted* by the actions of the defendant.'" *Wilson*, 33 F.4th at 208 (emphasis in original) (quoting *Deville*, 567 F.3d at 170). In other words, the causal chain remains unbroken if the initiating officer "deliberately or recklessly provides false, material information for use in an affidavit" or "makes knowing and intentional omissions that result in a warrant being issued without probable cause." *Anokwuru v. City of Houston*, 990 F.3d 956, 964 (5th Cir. 2021) (quoting *Melton v. Phillips*, 875 F.3d 256, 264 (5th Cir.

---

[4] Reyna also asserts that, as a prosecutor, he is entitled to absolute immunity. But *Terwilliger* foreclosed this argument. There, this court observed that because Reyna "was allegedly '[c]reating or manufacturing new facts,'" his actions were distinguishable from "those of an advocate supplying legal advice." *Terwilliger*, 4. F.4th at 281 (quoting *Spivey v. Robertson*, 197 F.3d 772, 776 (5th Cir. 1999)). The *Terwilliger* plaintiffs alleged that Reyna actively investigated the shooting, received continuous updates regarding the investigation, and had access to exculpatory video and interview evidence but nonetheless authorized a mass arrest. *Id.* Based on these allegations, this court concluded that "Reyna's immunity is limited to that of a law enforcement officer." *Id.* Walker alleged the same material facts, so we similarly conclude that Reyna is not entitled to absolute immunity.

2017) (en banc)). "To determine whether facts omitted from a warrant affidavit are material to the determination of probable cause, courts ordinarily insert the omitted facts into the affidavit and ask whether the reconstructed affidavit would still support a finding of probable cause." *Loftin v. City of Prentiss*, ___ F.4th ____, 2022 WL 1498876, at *5 (5th Cir. May 12, 2022) (quoting *Kohler v. Englade*, 470 F.3d 1104, 1113 (5th Cir. 2006)).

*Terwilliger* "sets the lay of the land for analyzing . . . false arrest claims" arising from the Twin Peaks shootout and subsequent mass arrest. *Wilson*, 33 F.4th at 207. First, *Terwilliger* reads the challenged affidavit "as (1) generally alleging that members of the Bandidos and Cossacks engaged in violent activity at the Twin Peaks that amounted to EIOCA, *and* (2) linking each specific subject of the warrant to that general set of probable cause-establishing facts, thus creating particularized probable cause to arrest each subject."[5] *Id.* (citing *Terwilliger*, 4 F.4th at 282–83). Second, *Terwilliger* held that the plaintiffs there "successfully pleaded *Franks* claims by plausibly alleging" that:

> (1) they were not associated with the Bandidos or Cossacks and that they had nothing to do with the violent activity that is described in the affidavit and (2) certain defendants recklessly or knowingly caused it to be stated otherwise in the affidavit (i.e., a material misstatement) and/or excluded from the

---

[5] Accordingly, Walker cannot prevail on his *Malley*-based Fourth Amendment claim. "The *Malley* wrong is not the presentment of false evidence, but the obvious failure of accurately presented evidence to support the probable cause required for the issuance of a warrant." *Melton v. Phillips*, 875 F.3d 256, 264 (5th Cir. 2017) (en banc). An officer avoids *Malley* liability "if he presents a warrant affidavit that facially supplies probable cause to arrest the subject of the warrant." *Wilson*, 33 F.4th at 206. The district court dismissed Walker's *Malley* claim, concluding that the challenged affidavit did not facially lack probable cause. Because *Terwilliger* construed the challenged affidavit as "creating particularized probable cause to arrest each subject," we agree that Walker's *Malley* claim fails. *Id.* at 207 (citing *Terwilliger*, 4 F.4th at 282–83).

affidavit information in their possession that would have materially undermined the aforementioned particularized probable cause (i.e., a material omission).

*Id.* (citing *Terwilliger*, 4 F.4th at 282–83). Thus, to establish a *Franks* violation, Walker must have plausibly alleged that he was not involved with the Bandidos, the Cossacks, or the violence at Twin Peaks and that the defendants recklessly or knowingly caused his false arrest by either including material misstatements in the affidavit or excluding material exculpatory information from the affidavit. *See id.*

Like the *Terwilliger* plaintiffs, Walker (1) "den[ies] affiliation with the Bandidos or Cossacks, and any involvement with or membership in a 'criminal street gang'"; (2) alleges that his behavior and any motorcycle-related gear he wore on the day of the shootout was lawful; and (3) alleges that the defendants "deliberately excluded" exculpatory information "such as video evidence, witness interviews, and membership in motorcycle clubs known to be independent and not affiliated with the Bandidos or Cossacks." *Terwilliger*, 4 F.4th at 282–83 (footnote omitted). Therefore, as in *Terwilliger*, "the remaining particularized facts in the affidavit are that '[a]fter the altercation, the subject was apprehended at the scene, while wearing common identifying distinct signs or symbols.'" *Id.* at 283. Accepting Walker's allegations as true and viewing them in his favor, this "corrected affidavit" does not establish probable cause for arresting Walker on an EIOCA charge. *See id.*

To avoid this conclusion, Chavez argues that Walker defeated his own *Franks* claim by alleging that the defendants "arbitrarily decided" whether Walker's clothing demonstrated "support" for the Bandidos or Cossacks. Chavez asserts that the *Terwilliger* plaintiffs did not plead these allegations in their complaint and that the "allegations affirmatively defeat the necessary *mens rea* element of a viable *Franks* claim." But reading Walker's complaint

in the light most favorable to him, these allegations are consistent with his contention that the defendants submitted false information in reckless disregard of exculpatory evidence. Further, Chavez does not provide any authority to support his argument. In any event, the plaintiffs in *Terwilliger* did in fact plead similar allegations, as Walker points out. Chavez's argument is thus unavailing.

Reyna separately argues that Walker failed to allege facts establishing his individual liability under *Franks*. For *Franks* liability to attach to an officer, the officer "must have assisted in the preparation of, or otherwise presented or signed a warrant application." *Melton*, 875 F.3d at 263. "If an officer does not present or sign the affidavit, liability attaches only if 'he helped prepare the complaint by providing information for use in it.'" *Terwilliger*, 4 F.4th at 283 (quoting *Melton*, 875 F.3d at 263).

Because Reyna did not sign or swear to the challenged affidavit, he is liable under *Franks* only "if he provided material information for use in the affidavit."[6] *Id.* at 284. In *Terwilliger*, this court held that the plaintiffs' allegations were sufficient for *Franks* liability to attach to Reyna. *Id.* The plaintiffs pleaded that Reyna, notwithstanding contrary evidence, ordered a mass arrest for EIOCA, thereby "generat[ing] the basic facts set out in the probable cause affidavit." *Id.* Allegedly, Reyna "knew the exact wording of the affidavit" and "knew or recklessly disregarded the fact that, based on the exculpatory evidence he had learned, probable cause did not exist to arrest some individuals potentially fitting the warrant's criteria." *Id.* Likewise, Walker alleged that Reyna "knew the exact wording of the probable cause affidavit," was "involved in every aspect of the investigation," and

---

[6] In contrast, Chavez "is within the compass of potential *Franks* liability because he signed the warrant affidavit and swore to the validity of the facts included in it." *Terwilliger*, 4 F.4th at 283.

knowingly or recklessly disregarded exculpatory evidence. For this reason, Reyna cannot escape *Franks* liability.[7]

To close, Walker sufficiently pleaded a *Franks* claim against Chavez and Reyna for essentially the same reasons stated in *Terwilliger*. It has long "been clearly established that a defendant's Fourth Amendment rights are violated if (1) the affiant, in support of the warrant, includes 'a false statement knowingly and intentionally, or with reckless disregard for the truth' and (2) 'the allegedly false statement is necessary to the finding of probable cause.'" *Winfrey v. Rogers*, 901 F.3d 483, 494 (5th Cir. 2018) (quoting *Franks*, 438 U.S. at 155–56). Accordingly, we conclude that the defendants are not entitled to qualified immunity for violating Walker's Fourth Amendment rights and that the district court erred when it dismissed this claim.

## IV. Conclusion

For the foregoing reasons, the district court's judgment that Chavez and Reyna are not subject to potential *Franks* liability is REVERSED, and

---

[7] Reyna additionally argues that he is not subject to § 1983 liability because he was not legally authorized to direct Chavez to arrest Walker and thus did not act under color of state law. *See Doe v. Rains Cnty. Indep. Sch. Dist.*, 66 F.3d 1402, 1416 (5th Cir. 1995)). We disagree. For starters, Reyna waived this argument by not raising it below despite having the opportunity to do so. *Sindhi v. Raina*, 905 F.3d 327, 333 (5th Cir. 2018).

Further, this argument would fail even if it were preserved. This case does not involve an attempt to hold a third party liable for the conduct of an "immediate perpetrator." *Doe*, 66 F.3d at 1407. Rather, Walker's claim against Reyna is for Reyna's alleged independent actions: contributing false or incomplete information to the affidavit that led to Walker's arrest. An officer acted under color of law for § 1983 purposes if he "misused or abused his official power" and "there is a nexus between the victim, the improper conduct, and the officer's performance of official duties." *Gomez v. Galman*, 18 F.4th 769, 776 (5th Cir. 2021) (per curiam) (quoting *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 464–65 (5th Cir. 2010)). Viewing Walker's complaint in the light most favorable to him, Reyna acted under color of state law when he used his authority as the District Attorney to involve himself in the investigation and contribute to the warrant affidavit.

No. 20-50602

its judgment that they are not subject to potential *Malley* liability is AFFIRMED. This case is REMANDED for further proceedings consistent with this opinion.